Edward B. CARTER, Individually & as Independent Executor of the Estate of Emma Lee Duren, Deceased, Appellant,

v.

Maria RADFORD, Individually & as Independent Administratrix of the Estate of Emma Lee Duren, Deceased, Appellee.

No. 01–82–0593–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 31, 1983.

John E. Sherman, Senfronia Thompson, Houston, for appellant.

Logene L. Foster, Suger Land, Joel Cook, Houston, Robert H. Zoda, Jr., Bellaire, for appellee.

Before DUGGAN, JACK SMITH and LEVY, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from an order denying appellant's Application for Final Accounting, Application to Terminate Administration, and Application for Disbursement of Assets in the Hands of Administratrix. Appellee has filed a motion to dismiss the appeal for want of jurisdiction, asserting that the trial court's order is interlocutory and therefore not appealable.

On September 16, 1981, in the County Court at Law of Fort Bend County, appellee, Maria Radford, was appointed administratrix of the estate of her deceased sister, Emma Lee Duren, in Cause No. 8039. The Court's Order found that it had jurisdiction and venue over the estate "since the decedent was a resident and was domiciled in said Fort Bend County, Texas, at the time of her death." Appellee qualified as administratrix by taking the oath and posting a $10,000 bond.

Subsequently, on February 2, 1982, the purported Last Will and Testament of Emma Lee Duren was admitted to probate in Probate Court No. 3 of Harris County in Cause No. 175,932. Appellant, Edward B. Carter, was named independent executor in the will, and letters testamentary were issued to him on February 2, 1982.

All parties agree in their briefs and arguments that appellee filed a plea to the jurisdiction and motion to dismiss the proceedings in Harris County, and that thereafter the Harris County court's "Decree Admitting Will to Probate" was filed for the record with the clerk in Fort Bend County on May 10, 1982. Although nothing in the record indicates that the proceedings were ordered transferred to the Fort Bend County court, all parties agree that such transfer occurred.

Appellant then sought in the Fort Bend County court to have appellee's administration terminated and the assets of the estate placed in his hands. That court denied appellant's applications for a financial accounting, to terminate the administration, and for disbursement of the assets in the hands of the administratrix. The judge stated that his order of denial was "pending this court's determination as to the administration [sic] of the purported will to probate in this county, which will be subsequent to the previously granted Letters of Administration already filed." Appellee's motion to dismiss this appeal indicates that appellant has, since filing this appeal, filed a petition to probate the will in the Fort Bend County Court. That action, however, is not a part of the record before us.

Section 5(e), Tex.Probate Code Ann. (Vernon 1980), makes final orders of a court exercising original probate jurisdiction appealable to the courts of appeals. Accordingly, the threshold question, raised by appellee's motion to dismiss, is whether the order of denial is a final, appealable order.

In *Cherry v. Reed,* 512 S.W.2d 705 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ

ref'd n.r.e.), this Court discussed the statutory provisions for appellate jurisdiction in probate matters. At 706, we stated:

> In probate matters, decisions or orders have been considered appealable and not interlocutory if they finally dispose of and are conclusive of the issues involved in that particular phase of the proceedings.

*Accord Parr v. White,* 543 S.W.2d 445, 449 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd, n.r.e.).

In *Powell v. Harnett,* 521 S.W.2d 896 (Tex.Civ.App.—Eastland 1975, no writ), a Dallas County probate court ordered the decedent's business associate to deliver cash and a promissory note alleged to be the property of the decedent to the successor administrator. Since the order did not dispose of the issue of ownership of the money or note, but merely placed the items under the care and control of the probate court, the order was held interlocutory and not appealable. *Id.* at 898.

■ In the case before us, the trial judge's quoted comments during the hearing indicate that he was denying appellant's applications until such time as the purported will was admitted to probate in the County Court at Law of Fort Bend County. At issue in appellant's applications is the custody of the property of the Duren estate during its administration. The trial court made no finding that the alleged will was invalid or that the assets may not, in the future, be transferred to the executor named therein. Appellant's effort to act under the proffered will is premature. The authority of the appointed administratrix to continue in possession and control remains under challenge until the validity of the proffered will has been determined by the Fort Bend court. Accordingly, the denial of appellant's applications is interlocutory, and the appellee's motion to dismiss must be granted and the appeal dismissed for want of jurisdiction.

■ Even if jurisdiction had existed so that appellant's point of error could be reached, the point could not be sustained.

Appellant urges that the transfer of the will from the Harris County probate court to the Fort Bend court was a "transfer" governed by Section 8(d) of the Texas Probate Code (Vernon 1980). Section 8(d) states:

> Validation of Prior Proceedings. When a proceeding is transferred to another county under any provision of this Section of this Code, all orders entered in connection with the proceeding shall be valid and shall be recognized in the second court, provided such orders were made and entered in conformance with the procedure prescribed by this Code.

Appellant is mistaken in his belief that Section 8(d) requires that the Fort Bend court recognize and implement the Harris County decree admitting the Duren will to probate. Section 8(d) applies only when the transferring court had initial jurisdiction and venue over the estate.

Sections 8(a) and 8(b) of the Probate Code provide in relevant part as follows:

> Concurrent Venue. When two or more courts have concurrent venue of an estate, the court in which application for probate proceedings thereon is first filed shall have and retain jurisdiction of the estate to the exclusion of the other court or courts . . . .

> Proceedings in More Than One County. If proceedings for probate are commenced in more than one county, they shall be stayed except in the county where first commenced.

If venue for the administration of the Duren estate exists in both Fort Bend and Harris Counties, then the exclusive jurisdiction of the former was invoked by appellee's application for letters of administration filed on August 19, 1981. That jurisdiction could not be destroyed, diminished or superseded by any one of the parties bringing an action in another court, and any judgment or order of the latter court is void insofar as it conflicts with any judgment or order of the court first acquiring jurisdiction. *O'Neil v. Norton,* 29 S.W.2d 1060, 1062 (Tex.Comm'n App.1930, holding approved). The decree admitting the will

of Emma Lee Duren to probate in Harris County is void for want of jurisdiction. *Stewart v. Poinboeuf,* 111 Tex. 299, 233 S.W. 1095, 1096 (1921); *Derrick v. McGrew,* 636 S.W.2d 860, 861 (Tex.Civ.App.—Texarkana 1982, no writ).

Upon appellee's motion, this appeal is dismissed for want of jurisdiction.