

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-11-00820-CV

In the **ESTATE** of Henry H. **BLANKENSHIP**, Deceased

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 135874
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 5, 2012

AFFIRMED

Lucia Blankenship Mooney appeals a summary judgment rendered against her in a suit she brought to avoid the effect of an order admitting a will to probate as a muniment of title and for declaratory judgment. We affirm.

### BACKGROUND

When Lucia's father, Henry H. Blankenship, died in Texas on May 17, 1973, he left behind two testamentary instruments. Blankenship's first testamentary instrument, hereinafter referred to as the Mexican will, was executed by Blankenship on April 17, 1967. This will covered all of Blankenship's property, wherever located, and devised his estate to his eleven children in equal shares. The second testamentary instrument, hereinafter referred to as the U.S.

will/codicil, was executed by Blankenship on May 1, 1973. In the U.S. will/codicil, Blankenship stated his intent was "to dispose of my property in the United States of America and not any of my property in Mexico, all of my property in Mexico being covered by my Mexican will." The U.S. will/codicil left Blankenship's property in trust for his wife, Maria, and his three youngest children. In the U.S. will/codicil, Blankenship also stated, "I have made no provision herein for my older children because they are abundantly provided for in Mexico, and the children named in this Will are not." He further stated, "By naming only three of my children herein as beneficiaries I do not in any way mean to express any preference or favoritism, but only to equalize the benefits to all my children . . ."

Because Lucia, the appellant in this case, is not one of Blankenship's three youngest children, she is not a beneficiary under the U.S. will/codicil. However, because Kathleen Blankenship Nicholas, the appellee in this case, is one of Blankenship's three youngest children, she is a beneficiary under the U.S. will/codicil.

At the time of his death, Blankenship owned real property in Texas, which included a house and a farm in Bexar County. On May 30, 1973, about two weeks after Blankenship died, his executor under the U.S. will/codicil, San Antonio Bank and Trust (SABT), filed an application to probate the U.S. will/codicil in the probate court in Bexar County, Texas. Service of citation was made by posting notice in accordance with the law in effect at the time. Shortly thereafter, Blankenship's oldest son, Enrique Blankenship, filed a contest to the U.S. will/codicil, and a counter-application to probate the Mexican will under section 103 of the Texas Probate Code, which provides for the original probate of a foreign will in Texas. *See* TEX. PROB. CODE ANN. § 103 (West 2003). These applications would remain unresolved and pending in the probate court for more than thirty years.

Meanwhile, Blankenship's widow, Maria, filed an application to probate Blankenship's Mexican will in Mexico. The Mexican will was admitted to probate in Mexico on November 28, 1973. A copy of the Mexican will was filed in the deed records in Bexar County, Texas, on January 23, 1978.

Maria died on June 16, 2003. In accordance with the requirements of Maria's will, Kathleen's two younger brothers quitclaimed their interests in the Bexar County farm to Kathleen. At about the same time, Lucia quitclaimed her interest in the Bexar county house to Kathleen. However, Lucia refused to deed her interest in the Bexar County farm to Kathleen.

On November 4, 2003, the probate court dismissed Enrique's will contest and counter-application to probate the Mexican will for want of prosecution. On November 10, 2003, Lucia filed a motion asking the probate court to conclude the probate and distribute her father's estate. On November 13, 2003, the U.S. will/codicil, was admitted to probate as a muniment of title. No appeal, bill of review, or will contest was filed to challenge this order.

Then, on July 26, 2006, Lucia filed the underlying suit in the probate court in Bexar County, Texas. Lucia named her sister, Kathleen, as the only defendant in the suit. In her petition, Lucia alleged the November 13, 2003, order admitting the U.S. will/codicil to probate was void because the probate court's jurisdiction had expired. Lucia further alleged Kathleen and her counsel engaged in fraud by obtaining probate court orders in the absence of proper notice to opposing parties. Lucia asked the probate court to (1) impose monetary sanctions against Kathleen for fraud; (2) set aside its November 13, 2003, order admitting the U.S. will/codicil to probate; and (3) declare Lucia's rights under the Mexican will filed in the county deed records.

Kathleen answered the suit, denying the allegations in Lucia's petition. Kathleen also filed a plea to the jurisdiction, which was granted by the probate court. Lucia appealed this

ruling. On appeal, this court reversed the probate court's order granting the plea to the jurisdiction, and remanded the case to the probate court for further proceedings. *See In re Estate of Blankenship*, No. 04-08-00043-CV, 2009 WL 1232325, (Tex. App.—San Antonio 2009, pet. denied).

On remand, Kathleen moved for traditional summary judgment alleging, among other things, that Lucia's suit constituted an improper collateral attack on a final judgment. Lucia filed a response, arguing Kathleen's summary judgment motion should be denied because the November 13, 2003, order admitting the U.S. will/codicil to probate was void, and therefore, was subject to collateral attack. Lucia attached numerous documents to her summary judgment response, including a copy of the Mexican will that was filed in the county deed records in 1978.

Kathleen objected in writing to the documents attached to Lucia's response. Kathleen first objected to all the documents on the ground they were extrinsic evidence and therefore inadmissible to show the November 13, 2003, order was void. Kathleen then objected to each document on additional independent grounds. The probate court sustained virtually all of Kathleen's objections, and excluded all of the evidence attached to Lucia's summary judgment response.

Lucia also moved for traditional summary judgment. In her motion, Lucia asserted the family agreed to settle the dispute about her father's wills in 1975, and this agreement was consummated by filing a copy of the Mexican will in the deed records. Lucia also asserted the November 13, 2003, order admitting the U.S. will/codicil to probate was void because the probate court lost jurisdiction over her father's estate two years after the Mexican will was filed in the deed records. Finally, Lucia asserted she was entitled to a declaration that the Mexican will was the only valid and subsisting testamentary instrument determining the distribution of

property from her father's estate, and that she was entitled to a 1/11th interest in all her father's real property in Texas.

The probate court granted Kathleen's summary judgment motion, denied Lucia's summary judgment motion, and rendered judgment that Lucia take nothing by her suit. This appeal ensued.

## ISSUES PRESENTED ON APPEAL

Lucia presents six issues on appeal. Three of Lucia's issues challenge the probate court's granting of Kathleen's summary judgment motion; three of Lucia's issues challenge the probate court's evidentiary rulings. None of Lucia's issues challenge the probate court's denial of Lucia's summary judgment motion.

## COLLATERAL ATTACKS ON JUDGMENTS

A collateral attack is an attempt to avoid the binding force of a judgment in order to obtain some specific relief that the judgment currently impedes. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012); *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). Only a void judgment may be collaterally attacked. *PNS Stores*, 379 S.W.3d at 272; *Browning*, 165 S.W.3d at 346. A judgment is void when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. *PNS Stores*, 379 S.W.3d at 272; *Browning*, 165 S.W.3d at 346.

Because it is the policy of the law to give finality to judgments, collateral attacks on judgments are generally disallowed. *Browning*, 165 S.W.3d at 345. A collateral attack, which attempts to bypass the appellate process in challenging the integrity of a judgment, runs counter to the policy of finality. *Id*. at 346. Texas courts have recognized a strong public interest in

according finality to judgments in probate proceedings. *See Little v. Smith*, 943 S.W.3d 414, 421 (Tex. 1997) (citing probate cases demonstrating the policy of finality of judgments).

When reviewing a collateral attack, we presume the validity of the judgment under attack. *PNS Stores*, 379 S.W.3d at 273. Nevertheless, this presumption does not apply when the record affirmatively reveals a jurisdictional defect. *Id*. (citing *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008)). The record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment when it either: (1) establishes that the trial court lacked subject matter jurisdiction over the suit; or (2) exposes such personal jurisdictional deficiencies as to violate due process. *Id*. Thus, in reviewing a collateral attack, our review is limited to whether the record affirmatively and conclusively negates the existence of jurisdiction, not whether the trial court otherwise erred in reaching its judgment. *Kendall v. Kendall*, 340 S.W.3d 483, 503-04 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

### STANDARD OF REVIEW

We first address Lucia's issues regarding the granting of summary judgment. We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Under the traditional summary judgment standard, the movant has the burden to show that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Id*. at 215-16. In determining if there are genuine issues of material fact, we take all evidence favorable to the nonmovant as true, and we make all reasonable inferences in the nonmovant's favor. *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001). Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact which precludes the

summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

In reviewing a summary judgment, appellate courts consider only the issues raised by the parties in the trial court and on appeal. *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990); *Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986). We cannot reverse a summary judgment on grounds not raised in opposition to the motion in the trial court. *Clear Creek*, 589 S.W.2d at 678-79. Nor can we reverse a summary judgment in the absence of properly assigned error on appeal. *Duke*, 783 S.W.2d at 210; *Karnes*, 717 S.W.2d at 903. We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review is meritorious. *Knott*, 128 S.W.3d at 216.

### EXISTENCE OF A RULE 11 AGREEMENT

In her first issue, Lucia argues the trial court erred in granting summary judgment because Kathleen judicially admitted in her written objections that there were genuine issues of material fact as to the existence of a Rule 11 agreement to not admit the U.S. will/codicil to probate. However, this issue was not presented to the probate court in Lucia's response to Kathleen's summary judgment. Because the issue of judicial admissions was not presented to the probate court in Lucia's summary judgment response, it cannot be a ground for reversing summary judgment on appeal. *See Clear Creek*, 589 S.W.2d at 678–79 (concluding that, with the exception of issues challenging the legal sufficiency of movant's summary judgment proof, issues not expressly presented to the trial court in a written response shall not be considered as grounds for reversal on appeal); *Young v. McKim*, 373 S.W.3d 776, 784 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (holding issue was not preserved for appellate review when the nonmovant failed to present the argument to the trial court in her written response); *see also* TEX.

R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). We overrule Lucia's first issue.

## IMPERMISSIBLE COLLATERAL ATTACK

In her second issue, Lucia argues the probate court erred in granting summary judgment because Kathleen did not establish, as a matter of law, that Lucia's suit was an impermissible collateral attack on the November 13, 2003, order. Lucia argues her suit was not an impermissible collateral attack because (1) this case is governed by the law of the case doctrine, and (2) the November 13, 2003, order is void because the probate court's jurisdiction had expired by virtue of the filing of the Mexican will in the deed records in 1978.

Initially, Lucia relies on our previous opinion to argue this court has already concluded that her claims did not constitute an impermissible collateral attack. *See In re Estate of Blankenship*, No. 04-08-00043-CV, 2009 WL 1232325, at *2-5. However, Lucia mischaracterizes our opinion, which did not reach the merits of this issue. *Id.* at *5 ("Lucia's pleading is properly construed as a collateral attack on an allegedly void order . . . . Therefore, construing the substance—but not deciding the merits—of Lucia's case, we sustain Lucia's first issue on appeal."). In a related argument, Lucia asserts that the Texas Supreme Court has already decided the merits of this issue in her favor. Again, we disagree. The Texas Supreme Court has not decided the merits of the collateral attack issue in Lucia's favor; rather, it merely denied Kathleen's petition for review of our previous opinion. *See* TEX. R. APP. P. 56.1(b)(1) (stating the denial of a petition for review signifies the Supreme Court is not satisfied the opinion of the court of appeals has correctly declared the law in all respects, but the petition presents no error that requires reversal or that is of such importance to the jurisprudence of the state as to require

correction). We conclude the probate court properly determined this issue was not governed by the law of the case doctrine.

Next, Lucia maintains the November 13, 2003, order was void because "when the Mexican will was duly probated in the testator's domiciliary jurisdiction (Mexico) and filed of record in the deed records of Bexar County, it was the equivalent of probating the will in a probate court of Bexar County." Lucia argues on appeal, as she argued in her response to Kathleen's summary judgment motion, that the probate court's jurisdiction over Blankenship's estate expired two years after the Mexican will was filed in the county deed records.

Texas law provides that when a will conveying land in this state has been duly probated in another state or in a foreign country, a copy of the probated will bearing an attestation, seal, and certificate may be filed in the deed records in the county where the land is located. TEX. PROB. CODE ANN. § 96 (West 2003). When a duly probated will is filed in the deed records, it functions as a muniment of title. *See* TEX. PROB. CODE ANN. § 98 (West 2003). A foreign will that has been filed in the deed records may be contested by the same procedures, and within the same time limits, as a will admitted to probate in this state in an original probate proceeding. TEX. PROB. CODE ANN. § 100(c) (West 2003). Any contest must be filed within two years of a will being admitted into probate. TEX. PROB. CODE ANN. § 93 (West 2003).

In her summary judgment motion, Kathleen argued that Lucia's suit amounted to an impermissible collateral attack on the the November 13, 2003, order. Kathleen went on to argue that because the November 13, 2003, order was regular on its face, and recited that the probate court had jurisdiction, the order may have been voidable but it was not void. Additionally, Kathleen argued extrinsic evidence was not admissible to support Lucia's allegations that the judgment was void. In her response to Kathleen's motion for summary judgment, Lucia argued

the November 13, 2003 order was void because the filing of the Mexican will in the county deed records was the equivalent of probating the will in the probate court. According to Lucia, when the time for contesting the Mexican will filed in the county deed records expired, the probate court lost jurisdiction over Blankenship's estate.

In conjunction with her discussion of this issue, Lucia argues the probate court erred in sustaining Kathleen's extrinsic evidence objection to Lucia's summary judgment evidence. We disagree. As a general rule, to prevail on a collateral attack, a party must show that the judgment is void, not merely voidable, and must do so from the face of the record. *Simms Oil Co. v. Butcher*, 55 S.W.2d 192, 194 (Tex. Civ. App.—Dallas 1932, writ dism'd); *see Treadway v. Eastburn*, No. 4289, 1882 WL 9490, at *3-4 (Tex. 1881) (noting that the "question in a collateral proceeding should be tried by the record itself"); *Lewright v. Manning*, 392 S.W.2d 466, 471 (Tex. Civ. App.—Corpus Christi 1965, no writ) ("In order for a collateral attack to be entertained in a subsequent suit, the lack of jurisdiction must affirmatively appear either on the face of the judgment or in the record."). Evidence outside of the record may not be used to show a lack of jurisdiction. *See PNS Stores*, 379 S.W.3d at 273 (examining the record to determine whether it affirmatively demonstrated that the trial court lacked personal jurisdiction); *Alderson v. Alderson*, 352 S.W.3d 875, 879 (Tex. App.—Dallas 2011, pet. denied) (concluding collateral attack failed because attacking party was required to show judgment was void on its face without extrinsic evidence and failed to do so).

Here, none of the evidence attached to Lucia's response was part of the record in this case when the probate court signed the November 13, 2003, order admitting the U.S. will/codicil to probate. We conclude the probate court properly excluded Lucia's summary judgment evidence on the ground it was extrinsic evidence.

We next determine whether the record affirmatively showed the existence of a jurisdictional defect that would render the November 13, 2003, order void. The November 13, 2003, order contains the following jurisdictional recitations, "notice and citation have been given in the manner and for the length of time required," "the Decedent is dead," and "this Court has jurisdiction and venue of the Decedent's estate." However, in determining whether a judgment is void for lack of subject matter jurisdiction, courts may look beyond the recitations in the judgment to determine whether the record affirmatively demonstrates that the issuing court lacked jurisdiction. *PNS Stores*, 379 S.W.3d at 273; *Alfonso*, 251 S.W.3d at 55.

The jurisdiction of a probate court attaches at the time an application for the probate of a will is filed. *Stewart v. Poinboeuf*, 233 S.W. 1095, 1096 (Tex. 1921); *Carter v. Radford*, 652 S.W.2d 469, 471 (Tex. App.—Houston [1st Dist.] 1983, no writ). Once the probate court's jurisdiction attaches, it continues until the estate is closed. *In re Estate of Rowan*, No. 05-06-681-CV, 2007 WL 1634054, at *3 (Tex. App.—Dallas 2007, no pet.); *Graham v. Graham*, 733 S.W.2d 374, 378 (Tex. App.—Amarillo 1987, writ ref'd n.r.e.) (citing *Flynt v. Garcia*, 587 S.W.2d 109 (Tex. 1979)); *see Branch v. Hanrick*, 8 S.W. 539, 540 (Tex. 1888). An estate is closed when the probate court signs an order discharging the administrator and closing the estate, or when all of the estate's property is distributed, the estate's debts are paid, and there is no need for further administration. *See Branch*, 8 S.W. at 540; *Rowan*, 2007 WL 1634054, at *3; *see also* TEX. PROB. CODE ANN. §§ 151, 152 (West Supp. 2012).

Here, the probate court's jurisdiction attached when the initial application to admit the U.S. will/codicil was filed on May 30, 1973. When the probate court signed the order admitting the U.S. will/codicil to probate on November 13, 2003, the initial application to probate the U.S.

will/codicil was still pending. Moreover, the probate court had not signed an order closing the estate, nor was there any other indication the estate had been closed.

Nothing on the face of the judgment, or on the face of the record, affirmatively demonstrates that the probate court lacked jurisdiction over Blankenship's estate on November 13, 2003. As previously discussed, the probate court properly excluded the evidence attached to Lucia's summary judgment response, including a copy of the Mexican will filed in the deed records in 1978. Thus, a copy of the Mexican will filed in the deed records in 1978 was not part of the summary judgment evidence in this case. However, even if the copy of the Mexican will filed in the deed records in 1978 had been part of the summary judgment evidence in this case, this evidence did not show the probate court was deprived of jurisdiction to admit the U.S. will/codicil to probate. As a general rule, the probate of one will in an estate does not foreclose the probate of a second will in the same estate. *See Estate of Morris*, 577 S.W.2d 748, 752 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.) (providing that after a will was admitted to probate, an application could be made to admit a second will to probate).

The filing of the Mexican will in the deed records in 1978 did not operate to deprive the probate court of jurisdiction to admit the U.S. will/codicil to probate. Notwithstanding the filing of the Mexican will in the county deed records in 1978, the probate court still had jurisdiction to admit the U.S. will/codicil to probate on November 13, 2003. Because the probate court retained jurisdiction over Blankenship's estate on November 13, 2003, the order admitting the U.S. will/codicil to probate was not void and was not subject to collateral attack.

We conclude the probate court properly granted summary judgment because Kathleen established, as a matter of law, that the November 13, 2003, order admitting the U.S. will/codicil

to probate was not void and was not subject to collateral attack. We overrule Lucia's second issue.

### EVIDENTIARY RULINGS

We next address Lucia's issues challenging the probate court's evidentiary rulings. We review a trial court's ruling sustaining an objection to summary judgment evidence for an abuse of discretion. *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.).

In her third issue, Lucia argues the probate court abused its discretion by excluding her summary judgment evidence concerning the existence of a Rule 11 agreement. The record shows Kathleen objected to Lucia's summary judgment evidence concerning the existence of a Rule 11 agreement on multiple independent grounds, and the probate court sustained all of these objections. We must uphold the trial court's decision to exclude summary judgment evidence if there is any legitimate basis for its ruling. *Enbridge Pipelines (East Texas) L.P. v. Avinger Timber, LLC*, No. 10-0950, 2012 WL 3800234, at *7 (Tex. 2012). Here, there was a legitimate basis to exclude Lucia's summary judgment evidence concerning the existence of a Rule 11 agreement. As we concluded in our discussion of Lucia's second issue, the probate court properly excluded all of Lucia's summary judgment evidence on the ground it was extrinsic evidence. We overrule Lucia's third issue.

In her fourth issue, Lucia argues the probate court erred by failing to give effect to several alleged admissions made by Kathleen in her deposition testimony. Lucia cites no cases or other authority in this section of her brief, and therefore, this issue is inadequately briefed and presents nothing for our review. *See* TEX. R. APP. P. 38.1(i) (requiring briefs to contain appropriate citations to authorities); *Morrill v. Cisek*, 226 S.W.3d 545, 548-49 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding appellant's issues were waived when her briefing on

the issues did not contain a single citation to authority or to the record). We overrule Lucia's fourth issue.

In her fifth issue, Lucia argues the probate court abused its discretion in sustaining Kathleen's hearsay objection to the will filed in the deed records. The record shows Kathleen objected to the admission of the Mexican will filed in the deed records on multiple independent grounds, and the probate court sustained virtually all of these objections. On appeal, however, Lucia fails to challenge all possible grounds for the probate court's ruling. When an appellee objects to evidence on several independent grounds and, on appeal, the appellant complains of the exclusion of the evidence on only one of those grounds, the appellant waives any error by not challenging all possible grounds for the trial court's ruling. *Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 284-85 (Tex. App.—El Paso 2007, pet. denied). By not challenging all possible grounds for the probate court's ruling, Lucia has waived this complaint. *See Gulley*, 321 S.W.3d at 219; *Trahan*, 247 S.W.3d at 285. We overrule Lucia's fifth issue.

### FRAUD AND SANCTIONS

In her sixth issue, Lucia argues the probate court erred in granting Kathleen's summary judgment motion as to Lucia's fraud and sanctions claims.[1] Kathleen counters that Lucia's fraud and sanctions claims are substantively meritless and procedurally precluded.

---

[1]Additionally, Lucia argues on appeal that the absence of proper notice violated due process. Because this argument does not appear in Lucia's summary judgment response, we cannot consider it as grounds for reversal. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Young v. McKim*, 373 S.W.3d 776, 784 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *see also* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

Lucia's fraud and sanctions claims were closely related. In the underlying suit, Lucia alleged Kathleen committed fraud in procuring the November 13, 2003, order. Lucia's pleadings alleged Kathleen committed fraud by failing "to provide [Enrique's counsel] with copies of pleadings and documents seeking affirmative relief and to serve the Mexican will's beneficiaries with citation or a minimum amount of notice." Lucia's pleadings also alleged Kathleen committed fraud by not advising the probate court that the Mexican will had been probated by virtue of its filing in the county deed records. Lucia asked the probate court to set aside the November 13, 2003, order, and to impose monetary sanctions against Kathleen and/or her counsel based on Kathleen's fraudulent conduct.

In moving for summary judgment, Kathleen argued Lucia could not, as a matter of law, recover on her fraud and sanctions claims. Kathleen argued, among other things, that (1) Enrique received notice from Kathleen about the dismissal of his will contest for lack of prosecution; and (2) the service and notice requirements for admitting a will to probate were satisfied. Attached to Kathleen's summary judgment motion was an affidavit from Kathleen stating she had notified Enrique of the motion to dismiss his will contest for lack of prosecution.

In her summary judgment response, Lucia argued (1) issues of material fact existed as to whether Kathleen should be sanctioned for her conduct in failing to notify Enrique's counsel, and in failing to personally serve Lucia and the other beneficiaries under the Mexican will; and (2) issues of material fact existed as to whether Lucia was prevented from participating in the proceedings to admit the U.S. will/codicil to probate. To support her arguments, Lucia cited to the summary judgment evidence attached to her response. However, as previously discussed, all of Lucia's summary judgment evidence was excluded by the probate court.

The Texas Probate Code provides: "No person need be cited or otherwise given notice except in situations in which this Code expressly provides for citation or the giving of notice." TEX. PROB. CODE ANN. § 33(a) (West 2003). Generally, when an application to file a will for probate is filed, the probate court clerk issues a citation which is served by posting notice on the courthouse door for ten days. TEX. PROB. CODE ANN. §§ 128, 33(f)(2) (West 2003 & Supp. 2012).[2] Probate proceedings are actions in rem and bind all persons unless set aside in the manner provided by law. *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981). Persons interested in an estate are charged with notice of the contents of the probate records. *Id*. When an attorney has entered an appearance in a case, all citations and notices required to be served may be served on the attorney in lieu of service on the party. TEX. PROB. CODE ANN. § 34 (West 2003).

Here, Kathleen's summary judgment evidence showed that notice of the initial application to admit the U.S. will/codicil to probate was made by posting citation in 1973. At the time, Lucia did not file a contest to SABT's application, and took no action to become a party to the probate proceedings. Decades passed, and no action was taken in the case. In 1997, SABT filed a motion to dismiss Enrique's will contest and counter-application for lack of prosecution. The motion states it was sent to Enrique's counsel of record. Thereafter, on November 4, 2003, the probate court signed an order dismissing Enrique's will contest and counter-application. On November 13, 2003, the probate court signed an order admitting the U.S. will/codicil to probate as a muniment of title.

We conclude the summary judgment evidence submitted by Kathleen established that neither she nor her counsel committed fraud in procuring the November 13, 2003, order as

---

[2]The Texas Probate Code was amended in 1999 to require personal service of an application to probate a will under some circumstances. TEX. PROB. CODE ANN. § 128B (West Supp. 2012). However, this amendment has no bearing in this case because it applies only to the estate of a person who died on or after the effective date of the amendment. *See* Act of May 25, 1999, 76th Leg., R.S., ch. 855, § 13, 1999 Tex. Gen. Laws 3527, 3531.

alleged by Lucia. Kathleen's summary judgment evidence showed proper service of the application to admit the U.S. will/codicil to probate. This application was served by posting notice, which satisfied the notice requirements under the probate code at the time. *See Neill v. Yett*, 746 S.W.2d 32, 34 (Tex. App.—Austin 1988, writ denied) (holding trial court properly concluded probate judgment was not void when citation in probate proceeding was served by posting). Lucia was not entitled to personal service. *See id*. Lucia was charged with notice of the probate records. *See Mooney*, 622 S.W.2d at 85; *Evans v. Allen*, 358 S.W.3d 358, 365-66 (Tex. App.—Houston [1st Dist.] 2011, no pet.). No further notice was required. Kathleen's summary judgment evidence also included a copy of SABT's motion to dismiss Enrique's will contest and counter-application for lack of prosecution, which contained a certificate of service to Enrique's counsel, and an affidavit stating Enrique had been notified of the motion to dismiss. We conclude Kathleen's summary judgment evidence established she was entitled to judgment as a matter of law on Lucia's fraud and sanctions claims.

Once Kathleen met her summary judgment burden, the burden shifted to Lucia to present evidence raising a genuine issue of material fact which would preclude summary judgment. As previously discussed, all of Lucia's summary judgment evidence was properly excluded by the probate court. Lucia therefore failed to present any evidence which would raise a genuine issue of fact and preclude summary judgment. Because no issues of material fact existed and Kathleen was entitled to judgment as a matter of law, the probate court did not err in granting Kathleen's summary judgment as to Lucia's fraud and sanctions claims. We overrule Lucia's sixth issue.

## CONCLUSION

We conclude the probate court did not err in granting Kathleen's summary judgment. The probate court's judgment is affirmed.

Karen Angelini, Justice