

# NUMBER 13-13-00645-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SERGE DASQUE,                                                                    Appellant,

v.

FABIOLA AIDEE DASQUE,                                                        Appellee.

On appeal from the County Court at Law No. 2
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Garza, Benavides, and Longoria

Memorandum Opinion by Justice Longoria

Appellant Serge Dasque ("Serge") appeals from a judgment of divorce rendered by the County Court at Law No. 2 of Hidalgo County in Cause No. F-1947-12-2.[1] We vacate the trial court's judgment and dismiss the appeal.

## I. BACKGROUND[2]

Serge and appellee Fabiola Dasque ("Fabiola") began a romantic relationship when both lived in Mexico. When Fabiola became pregnant in 2001, Serge returned to New Jersey but would visit Fabiola and their child, C.S.D.,[3] in Mexico for a week each year. In 2007, Fabiola and C.S.D. moved to Edinburg. Serge also moved to Edinburg, and the parties were married on July 6, 2007. The parties separated in November of 2008.

### A. County Court at Law No. 5

In December of 2008, Serge initially filed a combined petition for divorce and a suit affecting the parent-child relationship (SAPCR) in Hidalgo County. This case was assigned to County Court at Law No. 5 and given Cause No. F-5441-08-5. Serge requested that the court appoint the parties joint managing conservators of C.S.D., grant Serge the right to designate C.S.D.'s primary residence, and require Fabiola to pay child support. Fabiola filed a counter petition in which she requested that the court name her sole managing conservator and require Serge to pay child support.

At a hearing on May 7, 2009, the parties read into the record an agreement regarding custody of C.S.D. and Serge's visitation rights and child support obligations.

---

[1] All cause numbers mentioned in this opinion are those assigned by the various trial courts.

[2] We take the following factual allegations from the parties' briefs.

[3] We use the child's initials in an effort to protect the child's privacy.

The parties stated on the record that they had not yet agreed on the division of the community debts but expected they would be able to reach an agreement without further hearings. The trial court replied that it "will approve the agreement as read into the record. Divorce is granted. The issue of division of debts is to be addressed at a later date either by hearing or by written amendment to the decree." Before recessing the hearing, the trial court instructed the parties to "keep the Court posted on the addition [*sic*] of debts issue." The trial court did not reduce its ruling to writing.

In the months following the hearing, the parties did not inform the court of an agreement or request it to perform the division of property. By written notice dated March 12, 2010, the court notified the parties that the case was set to be dismissed for want of prosecution and that a dismissal hearing was scheduled for 10:00 a.m. on May 12, 2010. *See* TEX. R. CIV. P. 165a. On August 11, 2010, the trial court issued an order dismissing Cause No. F-5441-08-5 for want of prosecution. Fabiola timely filed a verified motion to reinstate. The trial court held an oral hearing at which Serge did not oppose Fabiola's motion. The court announced at the end of the hearing that it was reinstating the case but never issued the written order of reinstatement required by Texas Rule of Civil Procedure 165a(3). *See id.* On November 17, 2011, the court transferred this case to County Court at Law No. 7.

### B. County Court at Law No. 7.

The judge of County Court at Law No. 7 issued new temporary orders in the case, which had been renumbered as Cause No. F-5441-08-7. At Fabiola's request, the trial court later modified Serge's visitation from every week to every other week but retained the Thursday-Sunday schedule.

3

On April 20, 2012, the trial court issued a Decree of Divorce and Modified Visitation Order ("First Decree") which: (1) appointed the parties joint managing conservators of C.S.D.; (2) gave Fabiola the exclusive right to determine C.S.D.'s residence within the geographical reach of Hidalgo County; (3) ordered Serge to pay the agreed-upon $150 per month in child support; (4) confirmed Serge's visitation rights with C.S.D. for Thursday-Sunday of every other week; (5) made Serge responsible for 75% of the community debt; and (6) assessed a judgment of $5,100 in child support arrears against Serge and assigned the award to the Texas Attorney General for collection. Neither party appealed the First Decree. The Attorney General filed a separate SAPCR proceeding to collect the arrears which was assigned to Hidalgo County Court at Law No. 2.

### C. County Court at Law No. 2

On May 10, 2012, Fabiola filed a new petition for divorce. Fabiola's petition acknowledged the First Decree but asserted "that decree is void because it was entered after a dismissal order was signed." The Original Petition made no other mention of the First Decree. Fabiola's new petition was assigned to County Court at Law No. 2 and given Cause No. F-1947-12-2. The Attorney General's petition to collect Serge's child support arrears was consolidated with Fabiola's petition.

Serge filed a motion to dismiss Fabiola's petition for lack of subject matter jurisdiction, arguing that the existence of the First Decree deprived County Court at Law No. 2 of jurisdiction. Serge attached to his motion a certified copy of the First Decree. Fabiola argued in response to Serge's motion that County Court at Law No. 5 lost jurisdiction when it failed to reinstate the case by written order after dismissing it for lack of prosecution. *See* TEX. R. CIV. P. 165a(3). Fabiola reasoned that, as a result, County

4

Court at Law No. 5 had no jurisdiction to transfer the case, and County Court at Law No. 7 had no jurisdiction to render the First Decree. The trial court never made an explicit ruling on Serge's motion to dismiss.

After hearing arguments and evidence on the merits of Fabiola's petition, the trial court entered a "Decree of Divorce" ("Second Decree"). The provisions of the Second Decree were the same as the First Decree except that it granted Serge extended standard visitation rights with C.S.D., made him responsible for a larger share of the community debt, and rendered a larger judgment against him for child support arrears. The Second Decree made no mention of the First Decree.

Serge now appeals the Second Decree by three issues: (1) the Second Decree is void for lack of jurisdiction; (2) alternatively, the trial court abused its discretion in unequally dividing the property; and (3) the trial court erred in awarding primary custody of C.S.D. to Fabiola.[4]

## II. WHICH DECREE IS VOID?

By his first issue, Serge argues that the Second Decree is void because County Court at Law No. 7 acquired continuing, exclusive jurisdiction by rendering the First Decree. On this record, we agree.

### A. Applicable Law & Standard of Review

A court which renders a "final order" in a SAPCR suit "acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child."

---

[4] We requested and received supplemental briefing from both parties on an additional issue: whether County Court at Law No. 5 obtained continuing, exclusive jurisdiction when the court orally announced it was granting the divorce and approved the parties' agreement on custody and visitation. *See* TEX. FAM. CODE ANN. § 155.001(a) (West, Westlaw through 2015 R.S.). We do not reach that issue in light of our disposition of Serge's first issue.

TEX. FAM. CODE ANN. § 155.001(a) (West, Westlaw through 2015 R.S.). If there is a court of this State with continuing, exclusive jurisdiction, no other court of this State has jurisdiction to enter an order on the same matter except as provided in Chapters 155 or 262 of the Texas Family Code. *Id.* § 155.001(c). Unless an exception in Chapter 155 or 262 applies, "any order or judgment issued by another court pertaining to the same matter is void" for lack of jurisdiction. *Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 230 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see In re Aguilera*, 37 S.W.3d 43, 49 (Tex. App.—El Paso 2000, orig. proceeding). Whether the trial court had subject matter jurisdiction to render a judgment or order is a question of law that we review *de novo*. *See Dowell v. Quiroz*, 462 S.W.3d 578, 581 (Tex. App.—Corpus Christi 2015, no pet.) (op. on reh'g).

### B. Discussion

Serge argues that the First Decree is a valid "final order" which vested continuing, exclusive jurisdiction in County Court at Law No. 7. *See In re Garza*, 981 S.W.2d 438, 440 (Tex. App.—San Antonio 1998, orig. proceeding) (holding that a divorce decree which completely disposes of a case is a "final order" for purposes of continuing, exclusive jurisdiction). Fabiola responds that the First Decree is void because County Court at Law No. 5 lost jurisdiction over the case by failing to properly reinstate it by written order. Fabiola further argues that her second petition for divorce was a valid collateral attack against the First Decree.

To the extent that Fabiola brought a valid collateral attack by filing this case, we disagree that she refuted the presumption that the First Decree was valid. A collateral attack is any proceeding that is not brought for the purpose of correcting, modifying, or

6

vacating a previous judgment but which seeks some other relief which the previous judgment stands as a bar against. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). A final, unappealed judgment that is valid on its face is not vulnerable to a collateral attack unless it is void. *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009). A judgment is void if the rendering court possessed "no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) (citing *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010)).

When reviewing a collateral attack courts presume that the challenged judgment is valid. *Id.* The party seeking to avoid the effect of the judgment has the burden to show that the record affirmatively demonstrates that the rendering court lacked jurisdiction. *Id.*; *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994). Our review is limited to the face of the record. *See Orca Assets, G.P., L.L.C. v. Dorfman*, 470 S.W.3d 153, 159 (Tex. App.—Fort Worth 2015, pet. filed); *In re Blankenship*, 392 S.W.3d 249, 255 (Tex. App.—San Antonio 2012, no pet.); *In re K.M.P.*, 323 S.W.3d 601, 603 (Tex. App.—Austin 2010, pet. denied).

Fabiola asserted in her Original Petition in Cause No. F-1947-12-2 (the petition which resulted in the Second Decree) that County Court at Law No. 7 had rendered a final decree of divorce but the First Decree was "void since it was entered after a dismissal order was signed." Specifically, Fabiola argued that County Court at Law No. 5 lost jurisdiction over the case because it never issued a written order of reinstatement after dismissing it for want of prosecution. *See* TEX. R. CIV. P. 165a(3). However, it was Fabiola's burden to present a record affirmatively and conclusively demonstrating that the

7

County Court at Law No. 5 lost jurisdiction. *See PNS Stores, Inc.*, 379 S.W.3d at 272; *Stewart*, 870 S.W.2d at 20. Neither party introduced any portion of the record from Cause No. F-5441-08-7, and the judge of County Court at Law No. 2 never took judicial notice of any part of the record from Cause No. F-5441-08-7. The record before us contains only the bare assertions in Fabiola's Original Petition and the arguments of her trial counsel. With the record before us, we cannot say that the record affirmatively and conclusively shows that County Court at Law No. 7 lacked jurisdiction to render the First Decree. Accordingly, Fabiola's collateral attack must fail. *See In re Blankenship*, 392 S.W.3d at 255; *see also Remote Control Hobbies, L.L.C. v. Airborne Freight Corp.*, No. 14-12-01088-CV, 2014 WL 1267073, at *2 (Tex. App.—Houston [14th Dist.] Mar. 27, 2014, no pet.) (mem. op.) (holding that a collateral attack must fail because the record before the trial court did not affirmatively demonstrate that the challenged judgment was void).

Because the record does not affirmatively and conclusively demonstrate that County Court at Law No. 7 had no jurisdiction to render the First Decree, we presume that the First Decree is valid. *See PNS Stores*, 379 S.W.3d at 272. There is no dispute that the First Decree, if not void, is a "final order" for purposes of section 155.001 because it disposes of all matters between the parties. *See* TEX. FAM. CODE ANN. § 155.001(a); *see also In re Garza*, 981 S.W.2d at 440. Thus, County Court at Law No. 7 acquired continuing, exclusive jurisdiction over the case and County Court at Law 2 had no jurisdiction over Fabiola's second petition for divorce. *See* TEX. FAM. CODE ANN. § 155.001(c). We agree with Serge that the Second Decree is void for lack of jurisdiction. *See Celestine*, 321 S.W.3d at 229–30; *In re Aguilera*, 37 S.W.3d at 49.

8

We sustain Serge's first issue.  We do not reach Serge's second and third issues in light of our disposition of his first issue.  *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION[5]

We vacate the judgment entered in Cause No. F-1947-12-2 and dismiss the appeal.  *See id.* R. 43.2(e).

NORA LONGORIA,
Justice

Delivered and filed the
10th day of December, 2015.

---

[5] Both parties were represented in this Court by *pro bono* counsel.  We commend counsel for both parties on the quality of their advocacy and their service to the people of Texas.

9