

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00145-CV

NANCY GIRALDO,

 Appellant

 v.

SOUTHWESTERN ADVENTIST UNIVERSITY,

 Appellee

From the 249th District Court
Johnson County, Texas
Trial Court No. C201400031

## MEMORANDUM OPINION

In three issues, appellant, Nancy Giraldo, advancing pro se, argues that the trial court erred in granting summary judgment in favor of her former employer, appellee Southwestern Adventist University. Specifically, Giraldo contends that the trial court erred by: (1) failing to provide her with an opportunity to complete discovery (2) excluding critical evidence; and (3) granting summary judgment in favor of appellee. We affirm.

# I.   BACKGROUND

Giraldo was previously employed by appellee as an Associate Professor in the Psychology Department.  In her live pleading, Giraldo asserted that appellee discharged her from her position for improper purposes—a contention with which appellee disagrees.  Specifically, Giraldo alleged claims for gender discrimination, national-origin discrimination, ethnic discrimination, color discrimination, retaliation, and breach of contract.[1]

In response to Giraldo's lawsuit, appellee filed traditional and no-evidence motions for summary judgment.  After a hearing, the trial court granted appellee's motions for summary judgment.  This appeal followed.

# II.   ANALYSIS

In her first issue, Giraldo contends that the trial court erred in failing to grant her motion to extend the time to respond to appellee's motions for summary judgment and to complete discovery.  At the outset of our analysis of this issue, we note that Giraldo has not provided any citations to the record in her briefing of this issue.  *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Nguyen v. Kosnoski*, 93

---

[1] Giraldo noted in her live pleading that she "is a female citizen of the United States of America. She is an Hispanic who was born in Puerto Rico."  She also acknowledged that she does not possess a Doctorate in Psychology, which, according to appellee, was one of the bases for not renewing her employment contract.

S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("Moreover, an issue not supported by references to the record is waived."); *see also Warren v. McLennan County Judiciary*, No. 10-13-00009-CV, 2013 Tex. App. LEXIS 7946, at **3-4 n.2 (Tex. App.—Waco June 27, 2013, no pet.) (mem. op.) ("Moreover, under Texas law, pro-se litigants are held to the same standards as licensed attorneys with regard to compliance with applicable laws and rules of procedure." (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *In re N.E.B.*, 251 S.W.3d 211, 211-12 (Tex. App.—Dallas 2008, no pet.))).  As such, Giraldo has waived her complaint in this issue.

In any event, even if she had provided appropriate citations to the record in her briefing, Giraldo's complaint in this issue lacks merit.  On January 11, 2016, Giraldo filed a motion for extension of time to respond to appellee's motion for summary judgment and to complete discovery.  Thereafter, on January 19, 2016, Giraldo filed a motion for continuance, requesting more time to conduct discovery in preparation for the summary-judgment hearing.  Neither of Giraldo's motions were verified or accompanied by an affidavit describing the evidence sought, explaining its materiality, and showing that Giraldo had used due diligence to obtain the evidence.[2]

If a continuance is sought to pursue further discovery, the motion must either be verified or supported by affidavit describing the evidence sought, explaining its materiality, and showing the party requesting the continuance has used due diligence to

---

[2] It is worth noting that Giraldo filed her original petition in this case on January 21, 2014.

obtain the evidence. *See* TEX. R. CIV. P. 251, 252; *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Wal-Mart Stores Tex., L.P. v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied). Conclusory allegations are not sufficient. *Lee v. Haynes & Boone, L.L.P.*, 129 S.W.3d 192, 198 (Tex. App.—Dallas 2004, pet. denied). We must presume that a trial court does not abuse its discretion in denying a motion for continuance when the motion is not verified or supported by affidavit. *See Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied); *City of Houston v. Blackbird*, 658 S.W.2d 269, 272 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd).

Therefore, because Giraldo's motion for continuance was unverified and unaccompanied by an affidavit outlining the information listed above, we must presume that the trial court did not abuse its discretion in failing to grant her motions. *See Serrano*, 241 S.W.3d at 564; *Blackbird*, 658 S.W.2d at 272. Accordingly, we overrule her first issue.

In her second issue, Giraldo argues that the trial court erred in excluding evidence that was controlling on a material issue. In particular, Giraldo complains about the trial court's exclusion of Exhibits A, B, M, N, and Q. Exhibit A purportedly is a copy of the Southwestern Adventist University Faculty/Staff Handbook. Exhibit B purportedly is a copy of the Southern Association of Colleges and Schools Faculty Credentialing Guidelines. The remaining exhibits are personal emails of Giraldo's.

As was the case in her first issue, Giraldo has not provided any citations to the record in her briefing of this issue. *See* TEX. R. APP. P. 38.1(i); *Nguyen*, 93 S.W.3d at 188; *see also Warren*, 2013 Tex. App. LEXIS 7946, at **3-4 n.2. Accordingly, Giraldo has waived her complaint in this issue.

Nevertheless, even if Giraldo had provided appropriate citations to the record, she waived her complaints as to these exhibits by failing to challenge all possible grounds for the trial court's ruling. *See In re Blankenship*, 392 S.W.3d 249, 259 (Tex. App.—San Antonio 2012, no pet.) ("When an appellee objects to evidence on several independent grounds and, on appeal, the appellant complains of the exclusion of the evidence on only one of those grounds, the appellant waives any error by not challenging all possible grounds for the trial court's ruling." (citing *Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 284-85 (Tex. App.—El Paso 2007, pet. denied))).

Here, appellee objected to exhibits A, B, M, N, and Q on the following grounds: "Plaintiff has failed to establish its authenticity or relevance, or lay any proper predicate for the admissibility of same, either through a qualified witness or otherwise. The purported document is inadmissible hearsay and not competent as summary judgment proof." Additionally, with respect to Exhibit M, appellee objected "to the extent it attempts to interject opinion testimony from persons not designated as experts." The trial court sustained appellee's objections to these exhibits.

On appeal, Giraldo does not: (1) contend that the exhibits are not hearsay; (2) explain the relevance of Exhibits M, N, and Q; or (3) contend that Exhibit M does not attempt to interject opinion testimony from persons not designated as experts. By not challenging all possible grounds for the trial court's exclusion of these exhibits, Giraldo has waived this complaint. *See In re Blankenship*, 392 S.W.3d at 259; *see also Gulley*, 321 S.W.3d at 219; *Trahan*, 247 S.W.3d at 285. We overrule her second issue.

In her third issue, Giraldo contends that the trial court erred in granting appellee's motion for summary judgment because "Plaintiff argues that the argument presented in summary judgement [sic] for its case meets the lower threshold necessary to survived [sic] summary judgement [sic]." Once again, Giraldo has not provided any citations to the record in her briefing of this issue. *See* Tex. R. App. P. 38.1(i); *Nguyen*, 93 S.W.3d at 188; *see also Warren*, 2013 Tex. App. LEXIS 7946, at **3-4 n.2. Accordingly, Giraldo has waived her complaint in this issue. We overrule her third issue.

## III. CONCLUSION

Having overruled all of Giraldo's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed April 26, 2017
[CV06]

