

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00615-CV

**IN THE ESTATE** of Mary Evans **PFISTER**, Deceased

From the Probate Court No 1, Bexar County, Texas
Trial Court No. 2009PC0545
Honorable Oscar J. Kazen, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: October 16, 2024

DISMISSED FOR WANT OF JURISDICTION

This is an appeal from a probate matter. On June 8, 2023, the probate court signed an "Order Closing Estate and Discharging Independent Executor." *See In re Est. of Blankenship*, 392 S.W.3d 249, 257–58 (Tex. App.—San Antonio 2012, no pet.) ("Once the probate court's jurisdiction attaches, it continues until the estate is closed. . . . An estate is closed when the probate court signs an order discharging the administrator and closing the estate[.]"). After the probate court closed the estate, appellant filed three motions, including a "Petition to Reopen Case/Motion for New Hearing," which the probate court construed as a motion for new trial. The probate court signed an order denying appellant's motions on May 13, 2024. On June 13, 2024, appellant filed a second "Petition to Reopen Case/Motion for New Hearing."

We will assume without deciding that the probate court's May 13, 2024 order was an appealable order or judgment and that appellant's June 13, 2024 filing operated as a timely motion for new trial. Under those circumstances, appellant's notice of appeal was due by August 12, 2024, and a motion for extension of time to file the notice of appeal was due by August 26, 2024. *See* Tex. R. App. P. 26.1(a), 26.3. The clerk's record shows appellant filed his notice of appeal on September 11, 2024 and a motion for extension of time to file the notice of appeal on September 13, 2024. Because the notice of appeal and motion for extension of time were untimely filed, we ordered appellant to show cause why this appeal should not be dismissed for want of jurisdiction. *See, e.g.*, *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005) ("Because [the appellant's] notice of appeal was untimely, the court of appeals lacked jurisdiction over the appeal[.]").

On September 30, 2024, appellant filed a response to our order. In his response, he recognized that his notice of appeal and motion for extension of time were untimely filed. He asked that we extend those deadlines and deem his notice of appeal timely filed because he was hospitalized from July 19, 2024 until September 1, 2024.

The Texas Supreme Court has held that "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). We have previously recognized that "we may not suspend the Rules of Appellate Procedure 'to alter the time for perfecting an appeal in a civil case,' even for good cause." *Cammack v. Hierholzer*, No. 04-17-00271-CV, 2017 WL 2124476, at *1 (Tex. App.—San Antonio May 17, 2017, no pet.) (per curiam) (mem. op.) (quoting Tex. R. App. P. 2). Unfortunately, because appellant did not timely file either his notice of appeal or his motion for

extension of time to file the notice of appeal, we lack authority to grant the extension he requests. *See Cammack*, 2017 WL 2124476, at *1. Accordingly, we must dismiss this appeal for want of jurisdiction. *See id.*

PER CURIAM