

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00105-CV

In the Matter of the **ESTATE OF** Martha Jane **VALDEZ,** Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2008-PC-3026
Honorable John D. Hutchinson, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: May 29, 2013

AFFIRMED

This appeal arises from a summary judgment in a will contest. Appellant Jerry Valdez (Valdez) challenges the trial court's summary judgment against him on his counterclaim against Appellee Bruce Robertson Jr. (Robertson) for tortious interference with Valdez's inheritance rights. For the reasons set forth below, we affirm the trial court's order.

## BACKGROUND

In October of 2008, Valdez filed an application to probate the Last Will and Testament of his mother Martha Jane Valdez (Martha Jane). Prior to Martha Jane's death, Robertson represented Dorothy H. Mello, one of Martha Jane's children, in her petition to be appointed the permanent guardian of the person and estate of Martha Jane. A Bexar County probate court granted Dorothy temporary, and later permanent, guardianship of Martha Jane. After Martha

Jane's death, Robertson filed a guardian's application for payment of attorney's fees and expenses in the guardianship proceeding, which the probate court granted.[1] Valdez appealed the probate court's award of attorney's fees, and his appeal was transferred from this court to the Fourteenth Court of Appeals. The Fourteenth Court of Appeals ultimately reversed the portions of the probate court's judgment awarding attorney's fees to Robertson and remanded the cause for further fact-findings.

Valdez later filed his first and second amended applications to probate Martha Jane's will in Bexar County. Robertson contested the admission of the will to probate. Valdez filed an answer to Robertson's contest as well as a counterclaim against Robertson for, *inter alia*, tortious interference with his inheritance rights. Robertson moved for summary judgment on Valdez's counterclaim on the ground that the pleadings did not contain a viable cause of action. Valdez filed a response and a first supplement to his response. During a hearing on motions before the court, the parties verbally agreed to have the court determine the motion for summary judgment based on Robertson's pleadings and Valdez's response. The trial court, ruling solely on the parties' written submissions, granted Robertson's motion for summary judgment. Valdez moved for new trial, which was overruled by operation of law. This appeal followed.

On appeal, Valdez asserts the trial court erred in granting summary judgment because (1) Valdez did not receive the minimum twenty-one-day notice required by Texas Rule of Civil Procedure 166a(c), (2) Robertson failed to prove he was entitled to summary judgment on the pleadings as a matter of law, and (3) Valdez had a right to pursue his claim against Robertson for interference with inheritance rights and for sanctions. Valdez also contends the trial court erred in denying his motion for new trial.

---

[1] The parties dispute whether Robertson filed this application on behalf of Dorothy or without her approval.

**STANDARD OF REVIEW**

We review a trial court's ruling on a traditional motion for summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Vela v. G.R.C. Land Holdings, Ltd.*, 383 S.W.3d 248, 250 (Tex. App.—San Antonio 2012, no pet.). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Fielding*, 289 S.W.3d at 848; *accord Vela*, 383 S.W.3d at 250.

To be entitled to summary judgment, the movant must show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *Fielding*, 289 S.W.3d at 848; *accord Vela*, 383 S.W.3d at 250. A defendant that moves for traditional summary judgment is entitled to judgment on their claim if the defendant conclusively disproves at least one essential element of the plaintiff's cause of action. *Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 420 (Tex. 2000); *Longoria v. Laster*, 292 S.W.3d 156, 162–63 (Tex. App.—San Antonio 2009, pet. denied). A party conclusively establishes an issue for purposes of summary judgment "if ordinary minds cannot differ as to the conclusion to be drawn from the evidence." *Brandes v. Rice Trust, Inc.*, 966 S.W.2d 144, 146 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *accord Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982); *see also City of Keller v. Wilson*, 168 S.W.3d 801, 811 (Tex. 2005) (citing *Triton Oil*, 644 S.W.2d at 446). If the movant establishes it is entitled to judgment as a matter of law, the nonmovant must then present evidence that raises a genuine issue of material fact in order to avoid summary judgment. *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *In re Blankenship*, 392 S.W.3d 249, 261 (Tex. App.—San Antonio 2012, no pet.). "Where summary judgment evidence

raises no more than surmise or suspicion of fact in issue, no genuine issue of fact exists to defeat summary judgment." *Brandes*, 966 S.W.2d at 146; *accord Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 837 (Tex. App.—Dallas 2005, no pet.).

## NOTICE

In his first issue, Valdez contends the trial court erred in granting a traditional summary judgment in favor of Robertson because Valdez did not receive the minimum twenty-one-day notice required by Texas Rule of Civil Procedure 166a(c).

To be entitled to traditional summary judgment, a movant must comply with the requirements set forth in Rule 166a(c). *See Valdez v. Robertson*, 352 S.W.3d 832, 834 (Tex. App.—San Antonio 2011, no pet.); *see also* TEX. R. CIV. P. 166a. Rule 166a(c) provides that, "[e]xcept on leave of court, with notice to opposing counsel, [a motion for summary judgment] and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c); *see Valdez*, 352 S.W.3d at 834. By its plain language, Rule 166a(c) does not require an oral hearing on a motion for summary judgment. *See* TEX. R. CIV. P. 166a(c); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam). The trial court may rule on a motion for summary judgment based solely on written submissions. *See In re Am. Media Consol.*, 121 S.W.3d 70, 74 (Tex. App.—San Antonio 2003, orig. proceeding); *Martin v. Cohen*, 804 S.W.2d 201, 203 (Tex. App.—Houston [14th Dist.] 1991, no writ). Although an oral hearing on a motion for summary judgment is not required, notice of the submission date is. *Martin, Martin & Richards, Inc.*, 989 S.W.2d at 359.

Generally, a trial court errs when it fails to give notice of the submission date for a motion for summary judgment. *See Martin, Martin & Richards, Inc.*, 989 S.W.2d at 359; *Valdez*, 352 S.W.3d at 834 ("The failure to give sufficient notice deprives a party of his due process rights and warrants reversal."); *Rorie v. Goodwin*, 171 S.W.3d 579, 583 (Tex. App.—

Tyler 2005, no pet.). The rationale for requiring such notice is that without notice of the submission date, "the nonmovant cannot know when the response is due." *Rorie*, 171 S.W.3d at 583; *accord Martin, Martin & Richards, Inc.*, 989 S.W.2d at 359. However, failure to give the required notice may be harmless when the trial court fully considers the nonmovant's response. *Martin, Martin & Richards, Inc.*, 989 S.W.2d at 359; *see Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 194–95 (Tex. App.—Dallas 2007, no pet.) ("[A]ppellant's due process rights were satisfied as long as he received a reasonable opportunity to present his written response and evidence.").

Here, Valdez was not prevented from presenting a full response to the motion for summary judgment. *See Martin, Martin & Richards, Inc.*, 989 S.W.2d at 359; *Whiteside*, 220 S.W.3d at 194–95. Robertson served his motion for summary judgment on Valdez's attorney of record via facsimile on July 1, 2011.[2] Valdez promptly filed his response and first supplement to response to Robertson's motion on August 4, 2011. On November 2, 2011, in a hearing on motions before the court, the parties verbally agreed to have the court determine the motion for summary judgment based on Robertson's pleadings and Valdez's response. Although the trial court did not give the parties a specific date by which it would make its ruling, it explained that it would review the pleadings, and the trial court's order granting summary judgment stated that it considered Robertson's motion and Valdez's response to Robertson's motion. Valdez does not complain that he wished to make an additional response, "nor does he set forth any evidence he was precluded from presenting to the trial court." *See Whiteside*, 220 S.W.3d at 195.

Therefore, even assuming the trial court erred by not giving the parties a specific submission date, any error was harmless because Valdez was not deprived of an opportunity to meaningfully respond to Robertson's summary judgment motion, the trial court fully considered

---

[2] Valdez does not challenge the validity of service.

Valdez's response, and Valdez does not complain that he was unable to present any evidence or objection to Robertson's motion. *See Martin, Martin & Richards, Inc.*, 989 S.W.2d at 359; *Whiteside*, 220 S.W.3d at 194–95; *see also Valdez*, 352 S.W.3d at 834. Accordingly, we overrule Valdez's first issue.

**SUMMARY JUDGMENT**

In his second issue, Valdez complains that the trial court erred in granting summary judgment because Robertson failed to prove he was entitled to summary judgment as a matter of law.

## A. Tortious Interference with Inheritance Rights

Although an uncommon claim, Texas law recognizes a cause of action for tortious interference with inheritance rights. *See King v. Acker*, 725 S.W.2d 750, 754 (Tex. App.—Houston [1st Dist.] 1987, no writ) (citing *Pope v. Garrett*, 204 S.W.2d 867, 871 (Tex. Civ. App.—Houston [Galveston] 1947) (op. on reh'g), *rev'd on other grounds*, 211 S.W.2d 559 (Tex. 1948)); *Brandes*, 966 S.W.2d at 146 (stating that *King v. Acker* is the only reported Texas case to that date involving tortious interference with inheritance rights). In acknowledging this cause of action, the court in *King v. Acker* relied on the Second Restatement of Torts, which provides that "[o]ne who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." *See King*, 725 S.W.2d at 754 (quoting RESTATEMENT (SECOND) OF TORTS § 774B (1979)); *see also Brandes*, 966 S.W.2d at 146–47.

In addition to the tortious conduct required by *King*, we have described the elements of this cause of action as the following: "(1) that an interference with one's property or property rights occurred; (2) such interference was intentional and caused damage; and (3) the

interference was conducted with neither just cause nor legal excuse." *In re Estate of Price*, No. 04-05-00438-CV, 2006 WL 3725542, at *4 (Tex. App.—San Antonio Dec. 20, 2006, pet. denied) (mem. op.); *accord Edberg v. Laurel Canyon Ranch Architectural Review Comm.*, No. 04-10-00395-CV, 2011 WL 541134, at *5 (Tex. App.—San Antonio Feb. 16, 2011, pet. denied) (mem. op.). "The proper exercise of a legal right cannot constitute a legal wrong for which a cause of action will lie." *Tenn. Gas Pipeline Co. v. Lenape Res. Corp.*, 870 S.W.2d 286, 304 (Tex. App.—San Antonio 1993) (tortious interference with contract), *rev'd in part on other grounds*, 925 S.W.2d 565 (Tex. 1996). We have previously determined that "[b]ringing suit to determine one's rights under a contract is a proper exercise of a legal right and cannot form the basis for a claim of tortious interference." *Id.* Although we made that statement in a case involving a claim for tortious interference with contract, the principle is likewise applicable in the context of a suit for tortious interference with inheritance rights.

**B. Analysis**

On appeal, Valdez contends that Robertson failed to submit summary judgment evidence establishing that Robertson was a confirmed creditor of Martha Jane's estate, and thus did not prove that he had standing to file a will contest. For this reason, Valdez argues that Robertson is subject to liability for interfering with the inheritance rights of the will's beneficiaries. Robertson argues that summary judgment was proper because his lawful act of filing a will contest was not tortious conduct, and therefore he conclusively disproved an essential element of Valdez's cause of action for tortious interference with inheritance rights. We agree with Robertson.

The language of the Texas Probate Code is clear that "[t]he filing or contesting in probate court of any pleading relating to a decedent's estate does not constitute tortious interference with inheritance of the estate." *See* TEX. PROB. CODE ANN. § 10C (West 2003). Thus, Robertson's

mere filing of a will contest in this case did not constitute a tortious interference with inheritance of Martha Jane's estate. *See id.* Valdez provides no authority to show how Robertson's alleged lack of standing would affect Robertson's statutory right under Texas Probate Code section 10C to file a will contest. Thus, Robertson's summary judgment evidence conclusively established that Valdez's cause of action for tortious interference failed as a matter of law. *See Longoria*, 292 S.W.3d at 162–63; *Brandes*, 966 S.W.2d at 146. Because Valdez failed to raise a genuine issue of material fact as to the tortious nature of Robertson's actions, as a matter of law, the will contest cannot be considered a proper basis for Valdez's claim for tortious interference. *See Lenape Res. Corp.*, 870 S.W.2d at 304.

## C. Conclusion

Reviewing the evidence in the light most favorable to Valdez, we conclude that Robertson conclusively disproved the tortious conduct element of Valdez's cause of action. *See Fielding*, 289 S.W.3d at 848; *Vela*, 383 S.W.3d at 250; *see also Longoria*, 292 S.W.3d at 162–63. In order to survive summary judgment, Valdez had to present evidence that raised a genuine issue of material fact as to whether Robertson's act of filing a will contest constituted tortious conduct. *See In re Blankenship*, 392 S.W.3d at 259; *see also King*, 725 S.W.2d at 754 (quoting RESTATEMENT (SECOND) OF TORTS § 774B). Although Valdez attempted to do so through argument that Robertson lacked standing to pursue a will contest, we conclude that this argument failed to raise a genuine issue of material fact. *See In re Blankenship*, 392 S.W.3d at 259. Therefore, the trial court properly granted Robertson's motion for summary judgment. We overrule Valdez's second issue.

**RIGHT TO PURSUE CLAIM**

In his third issue, Valdez contends that the trial court erred in granting summary judgment because he had statutory rights to pursue his claims against Robertson for interference

with inheritance rights and for sanctions. Specifically, Valdez asserts that section 10C of the Texas Probate Code authorized his claim for tortious interference with inheritance rights, and Rule 13 of the Texas Rules of Civil Procedure and chapter 10 of the Texas Civil Practice and Remedies Code allow him to seek sanctions.

"The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010); *see* TEX. R. APP. P. 38.1. Specifically, Rule 38.1(i) requires that an appellant's brief contain clear and concise arguments, "with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *In re Blankenship*, 392 S.W.3d at 259. Failure to satisfy this requirement waives the issue on appeal. *See In re Blankenship*, 392 S.W.3d at 259; *Dove v. Graham*, 358 S.W.3d 681, 685 (Tex. App.—San Antonio 2011, pet. denied).

Valdez's argument on this point is unclear. From what we can discern, he appears to argue that the trial court erred by granting Robertson's motion for summary judgment on section 10C of the Texas Probate Code. To the extent Valdez argues "he has authority under Section 10C of the Probate Code" to sue Robertson for tortious interference with inheritance rights, we disagree. As a matter of law, Valdez's claim is barred by Texas Probate Code section 10C. *See* TEX. PROB. CODE ANN. § 10C ("The filing or contesting in probate court of any pleading relating to a decedent's estate does not constitute tortious interference with inheritance of the estate."). Because Valdez's brief on this issue does not contain any clear and concise argument with appropriate citation to the record and authorities, we conclude that this issue was inadequately briefed and thus waived. *See* TEX. R. APP. P. 38.1(i); *In re Blankenship*, 392 S.W.3d at 259. We overrule Valdez's third issue.

### MOTION FOR NEW TRIAL

In his fourth issue, Valdez asserts that the trial court erred in denying his motion for new trial. Valdez's brief on appeal contains only recitations of facts from the record. Valdez cites no cases or other authority, and fails to make a clear and concise argument to support this point of error. *See* TEX. R. APP. P. 38.1(i); *In re Blankenship*, 392 S.W.3d at 259. For this reason, we conclude Valdez has waived any complaint as to this issue. *See* TEX. R. APP. P. 38.1(i); *In re Blankenship*, 392 S.W.3d at 259; *Dove*, 358 S.W.3d at 685. We overrule Valdez's fourth issue.

### CONCLUSION

Because Valdez filed a response and first supplement to his response to Robertson's motion for summary judgment, and Valdez does not complain that he was precluded from presenting any particular evidence to the trial court, we conclude that any failure by the trial court to provide Valdez with the minimum twenty-one-day notice required by Texas Rule of Civil Procedure 166a(c) constituted harmless error. Furthermore, Robertson conclusively disproved the tortious conduct element of Valdez's tortious interference with inheritance rights counterclaim, and Valdez waived his third and fourth issues due to inadequate briefing. Accordingly, we affirm the trial court's order granting traditional summary judgment in favor of Robertson.

Patricia O. Alvarez, Justice