

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00801-CV

**PMSALS 1, LLC**,
Appellant

v.

**AMERICAN OPPORTUNITY FOR HOUSING-PERRIN OAKS, LLC**; American Opportunity for Housing, Inc., David Starr, and Fidelity National Title Insurance Company, Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-13524
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  July 16, 2014

AFFIRMED

PMSALS 1, LLC appeals a final judgment incorporating a series of summary judgment orders in favor of American Opportunity for Housing-Perrin Oaks, LLC ("AOH LLC"), American Opportunity for Housing, Inc. (AOH Inc.), David Starr, and Fidelity National Title Insurance Company.  We affirm the trial court's judgment.

### BACKGROUND

AOH LLC is the maker of a $2,500,000 promissory note which was issued as consideration for its purchase of an interest in a limited partnership known as Perrin Oaks I, Ltd.  The note,

which was executed in 2003, expressly states that it "is non-recourse to the Maker" and acknowledges that the note is secured only by AOH LLC's interest in Perrin Oaks I, Ltd. Although Perrin Oaks I, Ltd. owned an apartment complex, the note was not secured by a security interest in the apartment complex. Furthermore, although AOH LLC entered into a side agreement not to transfer its interest in Perrin Oaks I, Ltd. or Perrin Oaks, Inc., the agreement did not prohibit Perrin Oaks I, Ltd. from selling the apartment complex.

The apartment complex was sold by Perrin Oaks I, Ltd. in 2010. PMSALS, the assignee holder of the note, then sued AOH LLC, AOH Inc. (AOH LLC's sole member and manager), Starr (President of AOH Inc.), and Fidelity, the company that issued a title insurance policy in connection with the sale.[1] After granting a series of summary judgments in favor of appellees, the trial court signed a final take-nothing judgment which PMSALS appeals.

## WAIVER

Appellees contend PMSALS has waived "many if not all of its issues on appeal" due to inadequate briefing. Adequate briefing is required by the Texas Rules of Appellate Procedure. *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). One requirement for an adequate brief is that it must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see also In re Estate of Valdez*, 406 S.W.3d 228, 235 (Tex. App.—San Antonio 2013, pet. denied). "Failure to satisfy this requirement waives the issue on appeal." *In re Estate of Valdez*, 406 S.W.3d at 235.

In its brief, PMSALS broadly challenges the trial court's rulings on the various motions for summary judgment; however, PMSALS makes no effort to negate each of the grounds raised in the summary judgment motions. "An appellant cannot negate all possible grounds upon which

---

[1] PMSALS was not a party to the note, merely a subsequent assignee holder; the record is unclear as to the date the note was assigned to PMSALS.

a summary judgment could have been granted by merely declaring that the appeal is intended to challenge all possible grounds." *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 834 (Tex. App.—Dallas 2014, no pet.). Although PMSALS's brief contains "an abstract discussion of the law" regarding some of the causes of action alleged in its pleadings, the brief fails to apply that law to the facts of the case or the grounds asserted in the summary judgment motions. *Staton Holdings, Inc. v. Tatum, L.L.C.*, 345 S.W.3d 729, 733 (Tex. App.—Dallas 2011, pet. denied) (affirming summary judgment with respect to various claims where "briefing consist[ed] only of an abstract discussion of the law"). "[I]t is not sufficient to merely raise a general or specific issue; the appellant must also support the issue with argument and authorities." *Rangel v. Progressive Cnty. Mut. Ins. Co.*, 333 S.W.3d 265, 270 (Tex. App.—El Paso 2010, pet. denied).

Because PMSALS's brief contains minimal citations to the record and authorities and fails to address many of the specific grounds asserted in the motions for summary judgment, appellees urge this court to hold that PMSALS has waived all of its issues on appeal.[2] While we do not agree that all of PMSALS's claims have been waived, we do hold that any issues related to the

---

[2] For example, appellees note that PMSALS failed to address the following grounds raised in the traditional motions for summary judgment: (1) statutory fraud and DTPA claims are not assignable; (2) negligent misrepresentation claim is barred by the economic loss rule; (3) Texas Securities Act claim is barred by limitations; and (4) lack of standing to pursue fraud claim. With regard to PMSALS's requested continuance, PMSALS failed to address the facts relevant to the factors a trial court must consider in deciding whether to grant a continuance to permit additional discovery which include: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). PMSALs also failed to address the factors a trial consider considers in determining whether an adequate time for discovery has elapsed, which include: (1) the nature of the case; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery that already had taken place; and (7) whether the discovery deadlines in place were specific or vague. *In re Guardianship of Patlan*, 350 S.W.3d 189, 196 (Tex. App.—San Antonio 2011, no pet.). "Rule 166(a)(i) does not require that discovery must have been completed, but rather that there was an 'adequate time.'" *Id*. at 195. We note PMSALS filed its lawsuit on October 12, 2011, the first no-evidence motion for summary judgment was not filed until June 27, 2012, and the hearing on that motion was held on March 4, 2013, after PMSALS had been granted a one month continuance.

Texas Securities Act, the Texas Deceptive Trade Practices Act, and statutory or common law fraud are waived. We next address the remaining grounds raised in the motions which support the trial court's judgment.

## NONRECOURSE NOTE

"Generally, a nonrecourse note has the effect of making the note payable out of a particular fund or source, namely, the proceeds of the sale of the collateral securing the note." *Patton v. Porterfield*, 411 S.W.3d 147, 157 (Tex. App.—Dallas 2013, pet. denied). "'[U]nder a nonrecourse note, the maker does not personally guarantee repayment of the note and will, thus, have no personal liability.'" *Id.* (quoting *Fein v. R.P.H., Inc.*, 68 S.W.3d 260, 266 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)). "If a maker of a nonrecourse note elects not to repay the note, he is not exposed to personal liability, but, instead, takes the risk that the collateral securing the note will be lost if the holder of the note decides to enforce its security interest in the collateral." *Id.*

The note executed by AHO LLC and subsequently assigned to PMSALS is a nonrecourse note. In this case, the only collateral securing the note is AOH LLC's interest in Perrin Oaks I, Ltd. No security interest was taken in the apartment complex itself; therefore, assuming that AOH LLC defaulted on the note, PMSALS's only recourse was to enforce its security interest in AOH LLC's limited partnership interest in Perrin Oaks I, Ltd.

## NOTICE OF SALE

PMSALS bases several of its causes of action on the failure of the appellees to provide it with notice regarding the sale of the apartment complex. Most of these causes of actions are premised on the belief that PMSALS was owed a fiduciary duty by the appellees or that the appellees had a duty to disclose the sale. PMSALS cites no evidence to support the existence of a fiduciary duty with any of the appellees. *See Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005) ("To impose an informal fiduciary duty in a business transaction, the special relationship of trust

and confidence must exist prior to, and apart from, the agreement made the basis of the suit."); *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1963) (no fiduciary duty exists in mere debtor-creditor relationship); *Bank One, Tex. N.A. v. Stewart*, 967 S.W.2d 419, 442 (Tex. App.—Houston [14th Dist.] 1998, pet denied) (same); *see also Chicago Title Ins. Co. v. Alford*, 3 S.W.3d 164, 167 (Tex. App.—Eastland 1999, pet. denied) (noting title insurance policy is a contract of indemnity and claim against title insurance company is governed by contract law).[3] Moreover, PMSALS cites no basis on which the appellees had a duty to disclose the sale of the apartment complex. *See Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 384 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (listing four situations in which duty to disclose may arise); *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 477 (Tex. App.—Fort Worth 2004, no pet.) (same). This is especially true in light of the evidence that: (1) the note was not secured by a security interest in the apartment complex; and (2) the side agreement signed by AOH LLC only prohibited the sale of AOH LLC's interest in Perrin Oaks I, Ltd. and Perrin Oaks, Inc. Although the initial transaction in which AOH LLC executed the note could have been structured to give the note holder a security interest in the apartment complex or to prohibit the sale of the apartment complex, no such terms were included in the transaction.

### CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

---

[3] Even assuming that Fidelity acted as escrow agent in closing the sale, Fidelity would owe fiduciary duties to the parties to the sales transaction; however, PMSALS was not a party to the transaction. *See Chicago Title Ins. Co.*, 3 S.W.3d at 167 n.2 (noting escrow agent owes fiduciary duties to the parties to a real estate transaction).