

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00525-CV

**IN THE INTEREST OF D.W.H.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-10424
Honorable Richard Price, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  June 10, 2015

AFFIRMED

Appellant James H. and appellee Barbara B. are the parents of D.W.H.  In 2009, Barbara filed an Original Petition in Suit Affecting the Parent-Child Relationship.  A default judgment was granted.  The trial court signed an order appointing Barbara as sole managing conservator and James as possessory conservator; James was not given any periods of possession with the child. James was ordered to pay Barbara child support in the amount of $155 per month.  James was further ordered to maintain health insurance for the child.

On December 7, 2012, James filed a petition to modify the parent-child relationship.  A bench trial was apparently held on January 29-31, 2014, but that record has not been presented for our review.  After considering Barbara's "Motion to Sign Order in Suit Affecting the Parent-Child Relationship," the trial court granted James's motion in part and denied it in part as follows: James

was ordered to have supervised visitation at designated times; James was ordered to pay child support as previously awarded to Barbara; and James was ordered to reimburse Barbara for monthly health insurance premiums for D.W.H. in the amount of $446.22. James timely appealed.

On appeal, James proceeds pro se. He complains about the requirement for supervised visitation as well as the reimbursement of health insurance premiums. Barbara maintains that James has waived any appellate issues by failing to (1) appropriately brief the issues, (2) obtain findings of fact and conclusions of law, and (3) obtain the reporter's record. We agree.

Adequate briefing is required by the Texas Rules of Appellate Procedure. *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). One requirement for an adequate brief is that it must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see also In re Estate of Valdez*, 406 S.W.3d 228, 235 (Tex. App.—San Antonio 2013, pet. denied). "Failure to satisfy this requirement waives the issue on appeal." *In re Estate of Valdez*, 406 S.W.3d at 235. On October 29, 2014, this court ordered James to file an amended brief correcting certain deficiencies, including the lack of any supporting authority. *See* TEX. R. APP. P. 38.1. In his amended brief, James cites no authority for his proposition that the visitation order is erroneous. In regards to his argument that the health insurance reimbursement order is erroneous, James cites only to section 154.181(e) of the Family Code, pertaining to a medical support order, but, as we will discuss below, without a reporter's record to review, we cannot determine whether the evidence is insufficient to support such an order. *See* TEX. FAM. CODE ANN. § 154.181(e) (West 2014); *see also Ex parte Munoz*, 139 S.W.3d 349, 351 (Tex. App.—San Antonio 2004, no pet.). Thus, James has waived any error on appeal due to inadequate briefing. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied) (explaining that pro se appellants

are held to the same standards as licensed attorneys and must comply with the applicable laws and procedures).

In addition, it appears James failed to request a reporter's record[1] from the underlying bench trial on the petition to modify the parent-child relationship, and also failed to request and obtain findings of fact and conclusions of law from the trial court with respect to the order modifying the parent-child relationship. When findings of fact and conclusions of law are not requested and none are filed, we will affirm the trial court's order on any reasonable theory supported by the evidence and authorized by law. *Schoeffler v. Denton*, 813 S.W.2d 742, 744 (Tex. App.—Houston [14th Dist.] 1991, no writ). Further, where a reporter's record is not requested, we indulge every presumption in favor of the trial court's findings. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998). In such a situation, we are necessarily limited to addressing complaints alleging clear errors of law, which may include erroneous pleadings or rulings, erroneous jury charges, irreconcilable conflicts in jury findings, summary judgments, and fundamental error. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Krasniqi v. Dallas Cnty. Child Protective Servs.*, 809 S.W.2d 927, 933 (Tex. App.—Dallas 1991, writ denied); *see also* TEX. R. APP. P. 37.3(c). Fundamental error is rare, and exists only where the record shows on its face that the trial court lacked jurisdiction. *See Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex. 1982).

Here, the trial court had continuing, exclusive jurisdiction as a result of the August 11, 2009 order in suit affecting the parent-child relationship. Moreover, James submitted to the trial court's jurisdiction by filing his petition to modify the parent-child relationship. James has not alleged that the trial court was without authority to hear the case. Thus, jurisdiction was proper.

---

[1] The only transcript before us is the May 22, 2014 "Motion to Sign Order in Suit Affecting Parent-Child Relationship."

Absent a finding of fundamental error, we cannot conclude that the trial court erred in rendering the order modifying the parent-child relationship. Accordingly, we overrule James's issues on appeal and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice