

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00225-CV

IN THE INTEREST OF S.B.S., A CHILD

On Appeal from the 106th District Court
Lynn County, Texas
Trial Court No. 14-08-07140, Honorable Carter T. Schildknecht, Presiding

December 8, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is an appeal from an order denying an equitable bill of review. C.H. (father of S.B.S.) filed a petition for a bill of review to avoid an order signed in 2010 involving the payment of child support. Within that petition, he also sought a declaratory judgment seeking both a "determination about the construction and validity of the judgment" and "a declaration that the Revised Order in Suit Affecting the Parent-Child Relationship signed by this Court on September 9, 2010 was entered without authority and should be set aside." Those named as "defendants" in the petition were the child's mother (L.M.F.) and the Attorney General for the State of Texas. Both "defendants" filed answers to the petition. Subsequently, the Attorney General moved for summary judgment, contending that the bill of review should be denied because

C.H. had an alternative remedy through appeal, which remedy he failed to pursue. The motion said nothing about the declaratory relief sought by C.H. Through a written order signed on March 13, 2015, the trial court granted the motion for summary judgment and ordered that "[C.H.'s] Bill of Review is Denied." C.H. appealed.

The appellate record was filed and all parties tendered their respective appellate briefs.[1] In its appellee's brief, the Attorney General argued that we have no jurisdiction over the appeal because the summary judgment was interlocutory. That is, it did not move for or secure an order denying the claim of C.H. for declaratory relief construing the prior judgment. C.H. failed to address that allegation via a reply brief.

Normally, an appeal may be perfected only from a final order or judgment. *CMH Homes, Inc. v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (stating that "[u]nless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments"). Moreover, when a judgment issues without a conventional trial, such as when it arises from a motion for summary judgment, it "'is final for purposes of appeal if and only if either 1) it actually disposes of all claims and parties then before the court, regardless of its language, or 2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'" *Farm Bureau County Mutual Insurance Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015), *quoting*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001).

Here, the order from which C.H. appealed resulted from the Attorney General's motion for summary judgment. That motion did not purport to address C.H.'s claim for declaratory relief construing the prior judgment. Nor did the order granting it contain a "Mother Hubbard" clause or like verbiage indicating, with "unmistakable clarity," that it

---

[1] L.M.F. simply adopted the arguments appearing in the Attorney General's brief as her own.

disposed of all claims and parties. Thus, it was and is interlocutory. And, because none of the circumstances described in § 51.014 of the Texas Civil Practice and Remedies Code apply here, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2015) (describing the circumstances under which one may appeal an interlocutory order), we have no jurisdiction over the appeal.[2]

Lacking jurisdiction over the appeal, we dismiss it. The cause is remanded to the trial court.

Brian Quinn
Chief Justice

---

[2] Even if jurisdiction existed, we would have to reverse the order granting summary judgment and denying the bill of review. This is so because both the Attorney General and L.M.F. concede C.H.'s argument 1) that the trial court did not set a hearing or submission date on the motion for summary judgment and 2) that such error requires reversal of the order. *See Rorie v. Goodwin*, 171 S.W.3d 579, 583-84 (Tex. App.—Tyler 2005, no pet.) (holding that "[w]ithout establishing a specific submission or hearing date, the trial court could not enter a summary judgment that complied with either the local rules of Smith County or Texas Rule of Civil Procedure 166a(c)."); *accord, In re Estate of Valdez*, 406 S.W.3d 228, 232 (Tex. App.—San Antonio 2013, pet. denied) (stating that "[g]enerally, a trial court errs when it fails to give notice of the submission date for a motion for summary judgment.").