

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00785-CV

Maryann **CASTRO**,
Appellant

v.

Manuel **CASTRO**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-15957
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Karen Angelini, Justice
                  Jason Pulliam, Justice

Delivered and Filed:  December 16, 2015

AFFIRMED

Maryann Castro, appearing pro se, appeals from a final decree of divorce. The underlying

divorce action began when Maryann's former husband, Manuel Castro, filed an original petition

for divorce. Maryann filed a counter petition. Maryann and Manuel reached an agreement on

virtually all of the issues related to the division of property, and the agreement was approved by

the trial court.[1] Thereafter, Maryann filed a motion asking the trial court to declare the agreement

void. Maryann claimed that the agreement was void because Manuel was a debtor in a bankruptcy

---

[1]The only contested issue was the amount of time that Maryann would be given to refinance the marital residence.

proceeding and, at the time the agreement was reached, the bankruptcy stay had not been lifted. The trial court held an evidentiary hearing and denied the motion. The trial court then signed the final decree of divorce, and Maryann appealed.

Shortly after Maryann filed her initial brief, we issued an order advising Maryann that her brief flagrantly violated the Texas Rules of Appellate Procedure. We explained in detail how Maryann's initial brief violated Rule 38.1, ordered it stricken, and gave Maryann an opportunity to file an amended brief. Maryann filed an amended brief, but it failed to correct all of the deficiencies in her initial brief. Although we did not strike Maryann's amended brief, the clerk of this court advised Maryann by letter that her amended brief failed to correct all of the deficiencies and that, unless she corrected the deficiencies before submission, her appellate complaints might be considered waived due to inadequate briefing.

The Texas Rules of Appellate Procedure require adequate briefing. *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Rule 38.1 of the Texas Rules of Appellate Procedure controls the contents and organization of the appellant's brief. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Under Rule 38.1(f), an appellant's brief must concisely state all issues or points presented for review. *Id.*; TEX. R. APP. P. 38.1(f). Under Rule 38.1(i), an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Failure to satisfy this requirement waives the issue on appeal. *In re Estate of Valdez*, 406 S.W.3d 228, 235 (Tex. App.—San Antonio 2013, pet. denied). Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez*, 238 S.W.3d at 845.

We now examine the briefing provided by Maryann. Her amended brief contains six sections—identity of parties and counsel, index of authorities, statement of appeal, statement of

facts, summary of argument, and "a brief statement of the issues not presented." Her amended brief does not contain a section identifying the issues or points presented for review. *See* TEX. R. APP. P. 38.1(f) ("The brief must state concisely all issues or points presented for review."). Nor does it contain an argument section. *See id*. 38.1(i).

Based on the summary of argument section, however, it appears that Maryann's chief complaint concerns the property division. Maryann cites to several Texas cases that recognize that community property need not be equally divided. *See Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex. 1998); *Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981). Maryann further asserts that Manuel and his lawyer engaged in fraud by overvaluing certain marital assets and by hiding other marital assets. Nevertheless, nowhere in the body of Maryann's amended brief is there a single citation to the appellate record. As the reviewing appellate court, we are not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's arguments. *Lares v. Flores*, No. 04-13-00792-CV, 2015 WL 672560, at *2 (Tex. App.—San Antonio 2015, no pet.). We have neither a duty nor a right to perform an independent review of the record and the applicable law to determine if there was error. *Valadez*, 238 S.W.3d at 845.

Additionally, to the extent that Maryann's amended brief could be construed as complaining about the trial court's denial of her motion to declare the agreement void, the brief is devoid of any case law or other appropriate authority regarding this complaint. Again, under Rule 38.1(i), an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities . . . ." TEX. R. APP. P. 38.1(i).

We conclude that Maryann has waived her appellate complaints by failing to comply with the briefing rules set forth in Rule 38.1 of the Texas Rules of Appellate Procedure. The final decree of divorce is therefore affirmed.

Karen Angelini, Justice