

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00913-CV

David **MEDRANO**,
Appellant

v.

Celine **HINOJOSA**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-00027
The Honorable Richard E. Price, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  June 1, 2016

MOTION TO DISMISS GRANTED IN PART, DENIED IN PART; AFFIRMED

In six issues, David Medrano, the appellant, challenges the trial court's judgment against him on his claims for declaratory judgment, breach of contract, fraud, and unjust enrichment. After the appellate briefs were filed, Celine Hinojosa, the appellee, filed a motion to dismiss this appeal contending it is moot. We grant Hinojosa's motion to dismiss as to three issues, overrule Medrano's remaining issues, and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying dispute arises from a real estate transaction. Medrano sold real property to Hinojosa. Hinojosa borrowed money to purchase the property and granted a deed of trust to the lender. Medrano executed and delivered to Hinojosa a general warranty deed, which included two lots in the legal description. The deeds were recorded in the county deed records. Thereafter, Medrano contacted the title company and said he had intended to convey only one lot to Hinojosa. A "correction" deed and "correction" deed of trust were then recorded in the county deed records. The "correction" deed and "correction" deed of trust removed one of the lots from the conveyance.

### *Trial Court Proceedings*

Medrano and Hinojosa were sued by Fidelity National Title Insurance Company, Successor by Merger with Lawyers Title Insurance Corporation. Fidelity sought a declaration concerning the parties' intentions with regard to the conveyance. Medrano and Hinojosa answered the suit and filed counterclaims against Fidelity and against each other.

Medrano sought a declaration that he intended to convey only a single lot to Hinojosa and did in fact convey only a single lot to Hinojosa. Medrano also sought attorney's fees under the Uniform Declaratory Judgments Act (UDJA), and damages on his claims for breach of contract, fraud, and unjust enrichment.

Hinojosa sought a declaration concerning the legal effect of the correction deed and the correction deed of trust.

Hinojosa's lender, Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement Dated as of June 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR5, was also joined as a party.

After a bench trial, the trial court found in favor of Hinojosa, declaring that Medrano had conveyed both lots to her. The trial court declared the correction deed and the correction deed of

trust void and cancelled them. The trial court also ordered that Medrano take nothing on his claims and ordered Medrano to pay Hinojosa $75,000.00 in attorney's fees.[1] The trial court filed findings of fact and conclusions of law. Among other things, the trial court found that the parties intended for Medrano to convey both lots to Hinojosa. Medrano appealed.

### *Partial Dismissal on Appeal*

After this appeal was briefed, Medrano filed a motion to dismiss Fidelity and Deutsche Bank from the appeal. In his motion, Medrano stated that Fidelity, Deutsche Bank, and he had settled their claims and their settlement agreement called for him to dismiss the appeal as to Fidelity and Deutsche Bank. Contemporaneous with Medrano's motion to dismiss, Fidelity and Deutsche Bank filed an advisory in support of the motion, stating that they and Medrano had settled the disputes between them. We granted Medrano's motion for partial dismissal, and dismissed Fidelity and Deutsche Bank from this appeal. *See Medrano v. Fidelity Nat'l Title Ins. Co.*, No. 04-14-00913-CV, 2016 WL 231993, at *1 (Tex. App.—San Antonio Jan. 20, 2016, no pet.).

### ISSUES PRESENTED ON APPEAL

Medrano presents six issues in his brief. In issue one and two, Medrano complains of procedural and substantive rulings concerning Fidelity. In issues three and four, Medrano complains of evidentiary rulings regarding two exhibits. In issue five, Medrano complains of the exclusion of expert testimony on his claim for attorney's fees. In issue six, Medrano challenges the factual sufficiency of the evidence to support the finding that the parties intended for Medrano to convey both lots to Hinojosa.

---

[1]Medrano and Hinojosa stipulated to the amount of attorney's fees.

## HINOJOSA'S MOTION TO DISMISS AS MOOT

Under the mootness doctrine, courts are limited to deciding cases in which an actual controversy exists. *F.D.I.C. v. Nueces Co.*, 886 S.W.2d 766, 767 (Tex. 1994). "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Co.*, 369 S.W.3d 137, 162 (Tex. 2012). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Id*. When an appeal becomes moot, we dismiss it for lack of jurisdiction. *Id*.

After briefing, Hinojosa filed a motion to dismiss this appeal, claiming it is moot based on two events. First, Hinojosa no longer owns an interest in the property the subject of the litigation because of a foreclosure.[2] Second, Fidelity and Deutsche Bank settled with Medrano and were dismissed from this appeal. Hinojosa also claims that any court action can no longer affect the parties' rights and interests because (1) Hinojosa owns no right or interest in the real property the subject of this appeal; (2) any rights in the property asserted by Medrano were extinguished upon foreclosure; (3) Fidelity and Deutsche Bank are no longer parties to this case and thus no rights or interests remain to be decided as to them; and (4) Medrano stipulated to attorney's fees at trial and therefore attorney's fees have ceased to be an issue in this appeal.

Medrano filed a response to Hinojosa's motion to dismiss, in which he concedes that his first two issues are moot because he and Fidelity have settled, and Fidelity has been dismissed from this appeal. Medrano also concedes that any issues pertaining to the substance of the declaratory judgment are now moot. Nevertheless, Medrano maintains that some of the issues

---

[2]A copy of the foreclosure sale deed was attached to Hinojosa's motion. The buyer listed on the deed is Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement Dated as of June 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR5. The deed was recorded in the county deed records on May 11, 2015.

presented in his brief are not moot because they involve his claims for breach of contract, fraud, and unjust enrichment for which he seeks damages.

Based on the parties' settlement and Fidelity's dismissal from this appeal, we conclude Medrano's first two issues are moot. Additionally, in light of the foreclosure sale, the settlement between Medrano and Fidelity and Deutsche Bank, and the dismissal of Fidelity and Deutsche Bank from this appeal, we conclude the parties' rights and interests can no longer be affected with regard to the substance of the declaratory judgment. *See Robert Thompson & Co. v. City of San Antonio*, 44 S.W.2d 972, 972 (Tex. Comm'n App. 1932) (concluding an appeal involving a permit revocation was moot when the plaintiff conveyed the lot and was no longer its owner); *Moss-Schulze v. EMC Mortg. Corp.*, 280 S.W.3d 876, 877 (Tex. App.—El Paso 2008, pet. denied) (holding case had become moot when the property which was the subject of the lawsuit had been sold and any judgment issued by the court would have no effect because there was no longer a controversy to resolve). We, therefore, conclude that any issues presented in this appeal concerning the substance of the declaratory judgment are moot.

In issue six, Medrano challenges the factual sufficiency of the trial court's finding that the parties intended to convey both lots. As Hinojosa and Medrano agree, Hinojosa no longer owns the property the subject of this declaration because of the foreclosure sale. Furthermore, having settled with Medrano, Fidelity and Deutsche Bank are no longer parties to this appeal. Thus, the resolution of this issue can no longer affect the parties' rights and interests. We conclude that issue six is moot.

However, the evidentiary rulings challenged in issues three and four are not necessarily limited to the substance of the declaratory judgment. As Medrano argues, the evidentiary rulings challenged in issues three and four potentially affect Medrano's other claims for breach of contract, fraud, and unjust enrichment. We conclude that issues three and four are not moot.

Finally, we conclude that issue five, in which Medrano complains of the exclusion of expert witness testimony as to his attorney's fees claim under the UDJA, is not moot. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642-43 (Tex. 2005) (concluding case was not moot when a party continued to seek an award of attorney's fees for expenses incurred in defending against a declaratory judgment action and in pursuing her own declaratory relief); *Texas Dept. of Transp. v. Texas Weekly Advocate*, No. 03-09-00159-CV, 2010 WL 323075, at *3 (Tex. App.—Austin 2010, no pet.) ("An appeal from the grant or denial of attorney's fees, at least with respect to a UDJA claim, is usually a separate controversy and can persist even when the underlying controversy is moot."); *see also Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 774-75 (Tex. App.—Dallas 2011, no pet.) (concluding that claims for attorney's fees under UDJA kept the case from becoming moot even after the house the subject of the suit was sold).

Notwithstanding the above-cited authority, Hinojosa cites to *Shepherd v. Ledford*, 962 S.W.2d 28, 33 (Tex. 1998), to support her argument that issue five is moot. However, *Shepherd* does not support Hinojosa's argument. *Shepherd* stands for the proposition that stipulations estop a party from claiming facts to the contrary; it makes no mention of the mootness doctrine. *Id*.

We, therefore, grant Hinojosa's motion to dismiss with regard to issues one, two, and six, and deny Hinojosa's motion to dismiss with regard to issues three, four, and five.

## REMAINING ISSUES

We now address issues three, four, and five. In issue three, Medrano argues the trial court erred in refusing to admit the seller's disclosure notice. In issue four, Medrano argues the trial court erred in admitting an aerial photograph of the real property the subject of this suit. In issue five, Medrano argues the trial court erred in excluding expert testimony on his attorney's fees claim.

Rule 38.1(i) of the Texas Rules of Appellate Procedure provides that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1. Failure to satisfy this requirement waives the issue on appeal. *In re Estate of Valdez*, 406 S.W.3d 228, 235 (Tex. App.—San Antonio 2013, pet. denied).

Medrano's brief does not contain clear and concise arguments for the contentions made with appropriate citations to authorities as required by Rule 38.1(i). In issues three and four, Medrano cites no authority to support his arguments. In issue five, Medrano only cites the evidentiary rule governing attorney-client privilege and a case discussing waiver. This limited authority is not appropriate to support the argument made—that Medrano was compelled to stipulate to the amount of attorney's fees because of an erroneous evidentiary ruling. Additionally, in issues four and five Medrano fails to provide appropriate citations to the record.

We conclude that issues three, four, and five are inadequately briefed and therefore waived. *See* TEX. R. APP. P. 38.1(i); *Valdez*, 406 S.W.3d at 235 (concluding an issue was inadequately briefed and thus waived). We overrule issues three, four, and five.

## CONCLUSION

Hinojosa's motion to dismiss is granted as to issues one, two, and six, and these issues are dismissed for lack of jurisdiction. Medrano's remaining issues are overruled. The judgment of the trial court is affirmed.

Karen Angelini, Justice