

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00417-CV

In the Interest of **M.A.B.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2015EM504304
Honorable Nick Catoe Jr., Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed:  April 26, 2017

AFFIRMED

Justin Russell Adcock appeals from a judgment establishing the parent-child relationship. In two issues, Adcock argues the trial court erred by not allowing him an opportunity to present his side of the case and by setting child support in excess of the amount allowed by the Texas Family Code. We affirm.

### BACKGROUND

On July 6, 2015, the Texas Office of the Attorney General filed a petition to establish the parent-child relationship between Adcock and M.A.B. Adcock was served with the petition and participated in court-ordered DNA testing, which showed that he was M.A.B.'s biological father.

The case was set for trial on the merits on June 1, 2016. On June 1, 2016, Adcock filed a document stating that he was no longer a Texas resident, was residing in Ohio, and would be

unable to appear for trial. Adcock also requested that the court "not order my physical appearance for any matters involving this case" and stated that "[i]f the court[] could please honor this [and] cease to continue with such orders" then he "would be more than happy to cooperate by any means which are available to me."

On June 1, 2016, the trial court called the case for trial. Adcock failed to appear. The Attorney General presented evidence, consisting of the testimony of the child's mother and the DNA testing results. The trial court rendered judgment establishing the parent-child relationship between Adcock and M.A.B., and ordering conservatorship, visitation, and retroactive, medical, and child support for M.A.B. Adcock appealed.

## PROCEEDING TO TRIAL

In his first issue, Adcock argues that the trial court "move[d] forward with a trial and subsequent judgment" without allowing him "any opportunity to present his side of the case or documents necessary to move forward with a fair and just ruling." Adcock cites no cases or other authority to support his argument.

"The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010); *In re Estate of Valdez*, 406 S.W.3d 228, 235 (Tex. App.—San Antonio 2013, pet. denied). In particular, Rule 38.1(i) requires that an appellant's brief contain clear and concise arguments with "appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellant who fails to satisfy these requirements waives the issue on appeal. *Valdez*, 406 S.W.3d at 235.

Because Adcock cites no cases or other authority to support his argument, his first issue is waived for inadequate briefing. *See id.* (concluding issue was waived when the appellant's brief failed to contain clear and concise argument with appropriate citation to authorities and to the record).

## CHILD SUPPORT AMOUNT

In his second issue, Adcock argues the trial court violated chapter 154 of the Texas Family Code by setting the amount of child support in excess of the amount allowed by statute. In its judgment, the trial court ordered Adcock to pay child support in the amount of $220.00 per month beginning June 1, 2016.

Section 154.125(b) of the Texas Family Code provides that when the obligor's monthly net resources are not greater than $7500.00, the court shall set child support for one child at 20% of the obligor's monthly net resources. TEX. FAM. CODE ANN. § 154.125(b) (West Supp. 2016). Section 154.068 of the Texas Family Code provides that in the absence of evidence of a party's resources, the court shall presume that the party has income equal to the federal minimum wage for a 40-hour week. TEX. FAM. CODE ANN. § 154.068(a) (West Supp. 2016).

At trial, the only evidence of Adcock's resources was the testimony of M.A.B.'s mother, who said that she did not have much information about Adcock, that the minimum wage presumption would have to be used to set the child support amount, and that Adcock had no other children besides M.A.B. The record indicates that the trial court used the minimum wage presumption to determine Adcock's monthly net resources and applied 20% to this amount to calculate Adcock's monthly child support obligation. *See* TEX. FAM. CODE ANN. § 154.068(a), 154.125(b). We conclude the child support ordered by the trial court did not violate chapter 154 of the Texas Family Code.[1] We overrule Adcock's second issue.

---

[1] In addition, the trial court ordered Adcock to pay cash medical support in the amount of $30.00 per month, granted a judgment against Adcock for retroactive child support in the amount of $ 5,500.00, and ordered Adcock to pay the judgment by paying $100.00 per month. *See* TEX. FAM. CODE ANN. § 154.181(a) (West 2014) (requiring trial courts to set medical support); TEX. FAM. CODE ANN. § 154.009(a) (West 2014) (allowing trial courts to set retroactive child support); TEX. FAM. CODE ANN. § 160.636(g),(h) (West Supp. 2016) (allowing trial courts, on a finding of parentage, to order retroactive child support as provided by Chapter 154).

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice