

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00695-CV

John M. **DONOHUE**,
Appellant

v.

Sergeant Jose **HERNANDEZ**, Deputy Matt Krueger, Deputy Birdie Tyler, and Denise Martinez,
Appellees

From the County Court at Law, Kendall County, Texas
Trial Court No. 15-003-CCL
Honorable Bill R. Palmer, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  December 7, 2016

REVERSED AND REMANDED IN PART, AFFIRMED IN PART

John M. Donohue complains of a judgment dismissing his claims against Jose Hernandez, Matt Krueger, Birdie Tyler, and Denise Martinez. We reverse and remand in part, and affirm in part.

### BACKGROUND

Donohue sued Hernandez, Krueger, and Tyler, who are employed by the Bandera County Sheriff's Department ("the officers"), and Martinez, who is a lawyer. Martinez had represented Donohue's wife in divorce and protective order proceedings against him in Bexar County, Texas.

In his petition, Donohue characterized his claims as claims for trespass, assault, unlawful restraint, intentional infliction of emotional distress, conspiracy, and violations of the Texas Constitution.[1] Donohue sought to recover damages.

Factually, Donohue alleged in his pleadings that on August 7, 2013, the officers arrived at his residence in Bandera County, Texas. Donohue believed the officers were present to follow up on a police report that he had made earlier in the day. Nevertheless, one of the officers accused Donohue of making excessive 911 calls and told Donohue he was going to be arrested for the offense of abuse of 911.[2] The officers then arrested Donohue. Donohue alleged the officers used excessive force during the arrest and injured him physically. Additionally, Donohue alleged the officers were aware of a protective order issued against him and had information stating that he had "violent tendencies." Donohue claimed the information about his violent tendencies was false. Finally, Donohue alleged that Martinez had provided the officers with the information, and that Martinez and his ex-wife had conspired to make false allegations against him in the protective order proceedings.

The officers and Martinez answered the suit and filed pleas to the jurisdiction. The officers' plea to the jurisdiction challenged the trial court's subject matter jurisdiction based on governmental immunity. Martinez's plea to the jurisdiction challenged the trial court's subject matter jurisdiction asserting that (1) Donohue's suit presented no justiciable issue because her actions in disseminating the protective order information were statutorily required, and (2) Donohue's claims were preempted by section 85.042 of the Texas Family Code, which governs

---

[1]Donohue's pleadings also contained references to the Texas Penal Code; however, Donohue states in his appellate briefing that he was analogizing to criminal law and acknowledges that his suit could be only civil in nature.

[2]Attached to Donohue's pleadings was an offense report filed by one of the officers who made the arrest. It states that Donohue had made sixteen calls to 911 and did not at any time have an emergency.

the reporting of protective orders to law enforcement. The officers also filed a motion for protective order to prevent Donohue from pursuing discovery until after a decision was made on their plea to the jurisdiction. The trial court granted the pleas to the jurisdiction and dismissed the case with prejudice as to all parties. The trial court also granted the officers' motion for protective order. Donohue appealed.

### ISSUES ON APPEAL

On appeal, Donohue challenges the dismissal of his tort claims and his claims for violations of the Texas Constitution. Specifically, Donohue argues the trial court erred (1) by denying him meaningful discovery; (2) by granting the officers' and Martinez's pleas to the jurisdiction; (3) by granting the officers' plea to the jurisdiction because the officers were sued in their individual rather than their official capacities; (4) by granting the officers' plea to the jurisdiction without addressing the merits of his claims; (5) by refusing to allow Donohue to appear at some hearings by teleconference; and (6) by not addressing his claims that the officers had violated his state constitutional rights.

### PLEA TO THE JURISDICTION—THE OFFICERS

Donohue challenges the trial court's order granting the officers' plea to the jurisdiction in three issues. In his second issue, Donohue asserts the officers were not sued in their official capacities and, therefore, cannot invoke the county's governmental immunity. In his third issue, Donohue asserts the trial court incorrectly concluded that the officers were sued in their official capacities. In his fourth issue, Donohue asserts the trial court erred in granting the officers' plea to the jurisdiction without addressing the merits of his claims. We address these issues together.

"A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction." *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). A plea to the jurisdiction is based solely on jurisdictional claims, and does not reach the merits of the case. *Cnty.*

*of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Whether a trial court has subject matter jurisdiction is a question of law that appellate courts review de novo. *Texas Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

"Governmental immunity from suit defeats a court's subject matter jurisdiction." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). "A unit of state government is immune from suit and liability unless the state consents." *Id*. When filing a suit for damages against a governmental entity, a plaintiff must plead and prove the trial court's jurisdiction to hear the lawsuit under some statute that waives the governmental entity's immunity from suit. *See Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). In other words, in a suit against a governmental unit, a plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Whitley*, 104 S.W.3d at 542. In evaluating whether the plaintiff has met this burden, we consider the facts alleged by the plaintiff and any evidence pertinent to the jurisdictional inquiry. *Brown*, 80 S.W.3d at 555. We construe the pleadings in the plaintiff's favor and look to the pleader's intent. *Id*. When the plaintiff's pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*.

No one disputes that Bandera County is a governmental unit entitled to immunity from suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West Supp. 2016). In their plea to the jurisdiction, the officers asserted the trial court lacked subject matter jurisdiction over Donohue's claims because the officers, as employees of Bandera County acting in the course and scope of their employment, were protected by governmental immunity. According to the officers, the facts alleged in Donohue's pleadings do not fall within any waiver of governmental immunity.

Donohue's pleadings show that his claims against the officers stem from events that transpired when the officers arrived at Donohue's residence, questioned Donohue about the

excessive number of 911 calls he had made, and arrested Donohue for abuse of 911. Donohue alleged that the officers made a wrongful arrest, used excessive force in making the arrest, and held him without probable cause. Donohue further alleged he was subjected to intentional acts by the officers, which he characterizes as trespass, assault, conspiracy, unlawful restraint, and intentional infliction of emotional distress.

The Texas Tort Claims Act (TTCA) waives immunity from suit for tort claims in narrowly-defined circumstances, including suits against governmental units for personal injuries caused by (1) the negligent use of publicly owned motor-driven vehicles or equipment; (2) a condition or use of tangible personal or real property; and (3) a premise defect or condition of real property. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)-(2), 101.022 (West 2011). Additionally, the TTCA explicitly bars all claims arising out of an intentional tort by a governmental employee. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011); *City of Watauga v. Gordon*, 434 S.W.3d 586, 587 (Tex. 2014).

Donohue's pleadings affirmatively demonstrate that no valid waiver of immunity exists. First, Donohue's pleadings fail to identify any statute waiving governmental immunity. Second, Donohue's pleadings show that his claims do not arise from a condition or use of tangible personal property, or from a premises defect or a condition of real property. Thus, Donohue's pleadings show that his claims do not fall within any of the narrow immunity exceptions under the TTCA. Third, Donohue's pleadings show that he is alleging intentional torts against governmental employees, which are claims that are explicitly barred by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2).

When public officials are sued in their official capacities they are protected by the same governmental immunity as the governmental unit they represent. *Garcia v. Kubosh*, 377 S.W.3d 89, 95 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Texas A&M Univ. Sys. v. Koseoglu*,

233 S.W.3d 835, 843-44 (Tex. 2007)). When a suit is based on the conduct of a governmental employee within the scope of his employment, the Texas Civil Practice and Remedies Code requires plaintiffs to pursue a claim against the governmental unit rather than the employee. *Texas Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 356-57 (Tex. 2014). Specifically, section 101.106(f) of the Texas Civil Practice and Remedies Code provides that "[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011). "Scope of employment" is defined as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West Supp. 2016).

The crux of Donohue's argument on appeal is that the trial court had subject matter jurisdiction because he sued the officers in their individual capacities rather than their official capacities. However, the facts alleged in Donohue's pleadings demonstrate that his claims against the officers stemmed from the officers' actions in the course and scope of their employment. According to Donohue's pleadings, the officers went to Donohue's residence after he had made numerous 911 calls, the officers questioned Donohue about his actions, and arrested him for abuse of 911. We conclude Donohue's suit was based on conduct within the general scope of the officers' employment. *See Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) (holding allegations stemming from officers' allegedly improper conduct during the plaintiff's arrest were within the general scope of the officers' employment). Furthermore, because Donohue's suit was based on conduct within the general scope of the officers' employment, the suit is considered to be against

the officers in their official capacities only. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Alexander*, 453 S.W.3d at 792.

Additionally, Donohue argues that "there are numerous actions by the [officers] that raise genuine issues of material fact and the legality of their conduct which was ignored by the trial court." The trial court did not err by failing to address the merits of Donohue's claims. The purpose of a plea to the jurisdiction is to "defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see Brown*, 80 S.W.3d at 554 ("In deciding a plea to the jurisdiction, a court may not weigh the claims' merits….").

We conclude the trial court properly granted the officers' plea to the jurisdiction.

### PLEA TO THE JURISDICTION—MARTINEZ

In his second issue, Donohue argues the trial court erred in granting Martinez's plea to the jurisdiction. In her plea to the jurisdiction, Martinez argued Donohue's pleadings presented no justiciable issue to the trial court because (1) the actions of which Donohue complained were statutorily required by the Texas Family Code, and (2) the court was without authority to determine the subject in controversy because the claims in Donohue's petition were preempted by statute. For a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought. *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245-46 (Tex. 1994) (holding trial court lacked jurisdiction over suit complaining of the state bar's failure to compel lawyers to provide pro bono legal services).

On appeal, Martinez argues the trial court lacked subject matter jurisdiction because she acted in accordance with the Texas Family Code, which requires the clerk of the court to send a copy of a newly-issued protective order, along with other information provided by the applicant or applicant's attorney, to various law enforcement agencies. *See* TEX. FAM. CODE ANN. § 85.042

(West Supp. 2016). However, Martinez's argument goes to the merits of Donohue's claims rather than the trial court's subject matter jurisdiction. Generally, a party's compliance with a statute does not deprive the trial court of subject matter jurisdiction. Furthermore, nothing in section 85.042 provides that compliance with the statute deprives the trial court of subject matter jurisdiction. We conclude that the trial court was not deprived of jurisdiction for the reasons stated in Martinez's plea to the jurisdiction.

Martinez also argues, for the first time on appeal, that Donohue lacked standing to bring his claims against her.[3] Standing is a component of subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Standing cannot be waived and may be raised for the first time on appeal. *Id.*

Standing has three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154-55 (Tex. 2012). First, the plaintiff must have an "injury in fact," which is the invasion of a legally protected interest that is concrete and particularized. *Lujan*, 369 S.W.3d at 560; *Heckman*, 369 S.W.3d at 154-55. Second, a causal connection must exist between the injury and the conduct complained of. *Lujan*, 369 S.W.3d at 560; *Heckman*, 369 S.W.3d at 154-55. Third, it must be likely that the injury will be redressed by a favorable decision. *Lujan*, 369 S.W.3d at 561; *Heckman*, 369 S.W.3d at 154-55. "Under Texas law, as under federal law, the standing inquiry begins with the plaintiff's alleged injury." *Heckman*, 369 S.W.3d 137 at 155. To have standing, the plaintiff must plead facts showing that he, rather than a third party or the public at large, suffered the injury. *Id*. Additionally, the injury itself must be concrete and particularized and actual or imminent rather than hypothetical. *Id*.

---

[3]Martinez raises several other grounds for affirming the trial court's order granting her plea to the jurisdiction in her brief. These grounds were not presented to the trial court in Martinez's plea to the jurisdiction and, therefore, have been waived. *See* TEX. R. APP. P. 33.1 (providing that as a prerequisite to presenting a complaint for appellate review the record must show the complaint was made to the trial court).

According to Martinez, the allegations in Donohue's pleadings fail to demonstrate that Donohue suffered an actual injury. Martinez argues that "because law enforcement officials have governmental immunity, [Donohue] lacks standing to bring his case because injury is one of the required tenets for standing and he cannot show injury." We reject Martinez's standing argument.

The only case Martinez cites to support her argument, *Lujan*, 504 U.S. 555, is distinguishable. The plaintiffs in *Lujan*, who were organizations dedicated to wildlife conservation and other environmental causes, sought a declaratory judgment concerning federal regulations interpreting a provision of the Endangered Species Act. *Id*. at 559. The issue presented was whether one of the Act's provisions extended to federal government actions in foreign countries or applied only to federal government actions in the United States and on the high seas. *Id*. at 558-59. The United States Supreme Court emphasized that the "injury in fact" element of standing requires the party bringing suit to be himself among the injured. *Id*. at 563. It held that the plaintiffs in *Lujan* had no standing because they failed to demonstrate, among other things, that they were directly affected apart from their special interest in the subject. *Id*.

In his pleadings, Donohue alleged that Martinez and his ex-wife conspired and made false representations to obtain a protective order against him, that Martinez provided the Bandera County Sheriff's office with false information about him, and that the officers were aware of the protective order and the false information when they arrested and physically injured him. Here, there is no question that Donohue was directly affected by the actions of which he complains. Donohue pled facts showing that he, rather than a third party or the public at large, suffered the injury. For purposes of standing, Donohue pled sufficient jurisdictional facts to establish that his injuries were personal to him and that they were concrete and particularized and actual rather than hypothetical. We conclude the trial court had subject matter jurisdiction over Donohue's claims against Martinez. Therefore, the trial court erred in granting Martinez's plea to the jurisdiction.

**MOTION TO COMPEL DISCOVERY/GRANTING OF PROTECTIVE ORDER**

In his first issue, Donohue argues the trial court erred by denying his motion to compel discovery and by granting the officers' motion for a protective order. The challenged discovery rulings concern the officers, not Martinez. We have concluded that the trial court properly dismissed the officers based on governmental immunity. Therefore, we do not address this issue because it is unnecessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1 (providing appellate opinions should address only issues necessary to the final disposition of the appeal).

**REMAINING ISSUES**

In his fifth issue, Donohue, who was incarcerated, argues the trial court erred by not allowing him to appear by teleconference at some of the hearings. In his sixth issue, Donohue argues the trial court erred by not addressing his claims alleging violations of his state constitutional rights.

Rule 38.1(i) of the Texas Rules of Appellate Procedure provides that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1. Failure to cite legal authority waives an appellant's complaint on appeal. *In re Estate of Valdez*, 406 S.W.3d 228, 235 (Tex. App.—San Antonio 2013, pet. denied); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). "An appellate court has no duty—or even right—to perform an independent review of the record and the applicable law to determine whether there was error." *Valadez*, 238 S.W.3d at 845.

Here, Donohue cites no authority to support the complaints he presents in issues five and six. Because these issues are inadequately briefed, they present nothing for our review. *See In re Estate of Blakenship*, 392 S.W.3d 249, 259 (Tex. App.—San Antonio 2012, no pet.) ("[Appellant] cites no cases or other authority in this section of her brief, and therefore, this issue is inadequately briefed and presents nothing for our review.").

## CONCLUSION

The trial court's order granting Martinez's plea to the jurisdiction is reversed and the case is remanded to the trial court for further proceedings. The trial court's judgment is affirmed in all other respects.

Karen Angelini, Justice